KERLIN and others *against* HEACOCK.

IN ERROR.

THIS was an action of trespass brought by *Heacock* the plaintiff below, against the defendants, for taking his goods on two executions. One of the defendants, *Kerlin*, was the justice of the peace who issued the executions, another the constable who served them, and two others the plaintiffs in the executions. The defendants pleaded " not " guilty with leave to justify."

On the trial of the cause in the Common Pleas at *Delaware* county, the plaintiff gave the executions in evidence, and the defendants insisted that this evidence justified them. But the court declared their opinion in the charge, that although the constable might justify under the executions, yet the other defendants could not without shewing the judgments on which they were founded; and they were also of opinion, that in this case the constable could not justify without shewing the judgments, because he had joined the other defendants in their pleas, instead of severing in his defence. To these opinions the defendants tendered a bill of exceptions.

*Dick* for the plaintiffs in error, argued, that it is not necessary to shew the judgment, when the action is brought by the original defendant, although it is otherwise if the suit be by a stranger. *Lake* v. *Billers et al.* (a) is in point. Lord *Holt* there ruled that if the trespass was brought by the person against whom the *fieri facias* issued, the sheriff

(a) *Ld. Ray,* 733.

1810.

HERTZOG,
*v.*
ELLIS.

*Philadelphia,*
*Saturday,*
December 22.
The short entry of " not guilty " with leave to " justify," by two or more defendants, may be considered a several justification by each defendant.

In trespass by the defendant in an execution, against a justice of the peace, a constable, and the plaintiffs, the constable may justify under the warrant without shewing the judgment, if there is a several justification by him. *Qu.* Whether if the plaintiff in the suit give the justice's warrant in evidence, the constable is not justified by it, without having pleaded a justification.

1810.

KERLIN
*v.*
HEACOCK.

need not shew a copy of the judgment. The same point in *Martyn* v. *Podger.* (a) The Common Pleas were therefore wrong in requiring proof of the judgment in this case.

But clearly the constable was justified by the warrant. The act of 21st *March* 1772, 1 *St. Laws* 604., is very express, that in an action of trespass against the constable together with the justice, the constable shall be acquitted upon shewing the warrant, notwithstanding there may be a defect in the justice's jurisdiction. *Sec.* 6. And the court will consider the short entry or minute on the docket, as being a several justification by each defendant. " Not guilty" is as much a several as a joint plea. It should be taken either way according to the justice of the case; and then, even without the " leave to justify," the constable could give the warrant in evidence under the general issue. But at all events he may under this leave, which is as several as the general issue.

*Edwards* for the defendant in error. Although a sheriff may justify against the original defendant, by virtue of the execution, and without shewing the judgment, yet even he cannot do it against a stranger. This is the decision in *Lake* v. *Billers*, and *Martyn* v. *Podger*. But a justice of the peace can in no instance justify, without shewing his judgment, and the regularity of his proceedings. It would be monstrous if he could; for his own wrong would then be his excuse. So are *Britton* v. *Cole*, (b) 2 *Esp. Dig.* 103. 426.

Supposing the plea of justification to be joint, it is settled, that if it is bad as to one, it is bad as to all. In *Rowe* v. *Tuttle*, (c) the law is admitted by the court. So also in *Moravia* v. *Sloper*. (d) And it is expressly decided in *Smith* v. *Bouchier*, (e) and in *Middleton* v. *Price* (f). The only questions then are, whether here was a joint justification, and whether the evidence could be given under the general issue. The justification was joint, because it was one plea by all the defendants. If defendants intend to sever, they put in their pleas separately; if jointly they put in one plea. There is no difference between a several and a joint plea in our practice,

(a) 5 *Burr.* 2633.    (c) *Willes* 14.    (e) 2 *Stra.* 993.
(b) 1 *Salk.* 408.    (d) *Willes* 30.    (f) 2 *Stra.* 1184.

unless this is joint. The plea of not guilty did not intitle the constable to justify. By the 7 *Jac.* 1. *ch.* 5. justices and constables who are impleaded for any matter done by virtue of their office, may plead the general issue, and give any special matter in evidence to the jury, which, if pleaded, had been a discharge in law; but the *Stat.* 24 *Geo.* 2. *c.* 44., from which our act of assembly is copied, makes no provision as to the pleading, and it therefore depends upon general principles.

TILGHMAN C. J. after stating the case delivered his opinion as follows:

By the act of 21st *March* 1772, 1 *St. Laws* 604., where an action is brought against a constable for any thing done in obedience to a justice's warrant, it is necessary to make the justice a party to the suit; and the act directs, that " on " proof of the warrant the jury shall find for the constable, " notwithstanding any defect of jurisdiction in the justice;" but it is not said expressly, whether the justification may be given in evidence on the plea of not guilty.

Cases have been cited to shew, that where several persons join in a plea of justification, if the matter pleaded is a good justification of some, but not of all, the plea is bad as to all. These cases are all on demurrer to the plea. Here, there is no demurrer. Whether the constable could have given the warrant in evidence without the judgment, is not now the question; for the plaintiff himself produced the evidence, which completely justified the constable; and it seems to me, that the jury having received that evidence were bound to find for him. But taking the issue as we find it on the record, I think the constable might have given the warrants in evidence without the judgments. The court of Common Pleas have considered the three defendants as having joined in one plea of justification. It does not strike me in that light. The short entry of " not guilty with leave to justify," is not to be compared to a special plea of justification by the three defendants. The only *plea,* or rather memorandum for a plea, on the record, is *not guilty,* which may be very properly applied to the defendants *severally,* and then the *leave to justify* will be *several* also. I am sorry to be

1810.

KERLIN
*v.*
HEACOCK.

obliged to remark, that our loose manner of pleading pro-duces great uncertainty. In the present instance, it does not even appear, what matter the defendants meant to offer as their justification. But as the nature of the case distin-guished the constable's justification from the others, it is not to be presumed, that he intended to confine himself to their justification. If the plaintiff's attorney will go to trial on this confused kind of issue, he must take the consequence; he had a right to insist on a specification of the matter in-tended to be offered in evidence. As it stands each defen-dant had a right to give in evidence, any thing which would amount in law to a justification.

I am of opinion that the court of Common Pleas were wrong in that part of their direction to the jury which re-lated to the constable. The judgment must therefore be re-versed, and a *venire facias de novo* awarded.

YEATES J. The plea of *non cul.* with leave to justify, as to all the defendants below, seems warranted by our practice. Our pleadings are drawn up very shortly, and *non cul.* is a several issue as to all the defendants, though distinct mat-ters may be necessary for their justification respectively.

The act of assembly of 21st *March* 1772, 1 *St. Laws* 604, specially provides that if an action shall be brought against a constable, for any thing done in obedience to the warrant of any justice of the peace, or against any other person or persons acting in his aid, jointly with such justice, on pro-ducing and proving such warrant at the trial of such action, the jury shall find for such constable and person or persons so acting as aforesaid, notwithstanding any defect of juris-diction in such justice; and if the verdict shall be found against the justice, the plaintiff shall recover his costs &c.

Our law points out no particular plea for the constable or justice, as is done by the *British* statute of 21 *Jac.* 1. c. 12., which directs that they may plead the general issue, and give the special matter in evidence; *Espin. Dig.* 338.; but from the generality of its terms, I have no doubt, that the constable might give the execution in evidence under the general issue of not guilty, and without difficulty under the leave to justify.

To the constable, it is of no moment how the justice has proceeded, provided he has the sanction of the latter for his conduct. It might be objected against the justice, that the issuing of his execution would not shelter him from damages, unless founded upon a judgment in a case wherein he had jurisdiction; but not against the constable.

But all difficulty as to pleading is got over in the present instance. For if even we admit, that as to the justice and the plaintiffs in the suit before him, they could not give the execution in evidence, without shewing the judgment, the plaintiff below himself gave the two executions in evidence as is stated in the bill of exceptions; and being thus produced, he cannot now object that they were improperly received under the plea. They operated as a complete shield to the constable, and the jury were bound to find for him; though the circumstances of the case might have turned out to be such, as to warrant a verdict against the other defendants.

I am of opinion, that the judgment of the court of Common Pleas be reversed, and a *venire facias de novo* awarded.

BRACKENRIDGE J. concurred.

Judgment reversed, and.
*Venire de novo.*