## Peters *et ux. versus* Ulmer *et ux.*

1. In an action of slander the defendant may plead both "not guilty" and "justification."
2. Pleas that are inconsistent may be pleaded together.
3. The discretion vested in the court by stat. of Anne c. 16, sect. 4, to refuse leave to put in more than one plea, is a legal discretion to be exercised only when good reason exists.
4. Smith *v.* Kessler, 8 Wright 142, recognised.

November 12th 1873.  Before READ, C. J., AGNEW, SHARSWOOD WILLIAMS and MERCUR, JJ.

Error to the District Court of *Allegheny county:* No. 125, to October and November Term 1873.

This was an action on the case for slander brought to the November Term 1872, of the court below, by Frederick Ulmer and Sophia his wife against John Peters and Margaret his wife.

The declaration was that Mrs. Peters had uttered words imputing adultery to Mrs. Ulmer.  The defendants pleaded "Not Guilty."

On the trial April 8th 1873, before Hampton, P. J., the plaintiff had leave to add the plea of justification, and by order of the court, the plea of "Not Guilty" was withdrawn.  The defendants excepted to this order of the court and a bill of exceptions was sealed.

The plaintiffs having given their evidence, the defendants moved the court to order a nonsuit, which was refused.

The defendants then offered evidence, that Mrs. Ulmer had frequently made charges against Mrs. Peters, similar to those charged in the declaration as having been made against Mrs. Ulmer, and that the words alleged to have been uttered were spoken in anger; this for the purpose of mitigating damages.

The plaintiffs objected to the evidence as incompetent under the state of the pleadings.

[Peters v. Ulmer.]

The evidence was rejected and a bill of exceptions sealed : Judge Hampton saying :—

"The plea of not guilty was withdrawn by defendant's counsel before the jury was sworn, and the plea of justification put in. Under this, the only plea in the case, the evidence is not admissible."

The court charged as stated in the 4th assignment of error.

The verdict was for the plaintiffs for $1400 damages.

The 98th rule of the District Court is :—

"It has long been a rule of this court that in actions of slander and libel a justification must be pleaded—the old practice of pleading *not guilty with leave to justify* having been abolished."

The defendants took a writ of error ; they assigned for error,

1. Ordering the defendants upon their pleading "justification," to withdraw the plea of "Not Guilty."

2. Rejecting the defendants' offer of evidence.

3. Refusing a nonsuit.

4. Charging : "The charge was that of adultery committed at different times with a number of men. The defendants plead justification, that is, that the charges were not only made, but that they are true. Under this plea, the defendants were bound to prove the truth of these charges to the satisfaction of the jury."

*W. D. Moore*, for plaintiffs in error.—Double pleading is allowed in slander : Steinman v. McWilliams, 6 Barr 174; Minesinger v. Kerr, 9 Id. 313; Kay v. Fredrigal, 3 Id. 221; Petrie v. Rose, 5 W. & S. 364.

*J. Barton*, for defendants in error, cited : Smith v. Smith, 3 Wright 442 ; Steinman v. McWilliams, 6 Barr 174.

The opinion of the court was delivered, November 21st 1873, by

SHARSWOOD, J.—The first assignment of error is, that the court below refused to allow the defendant to plead "not guilty" as well as justification, and in ordering the defendant to withdraw the plea of "not guilty." The ground upon which this order was made appears to have been that the pleas were inconsistent. Under the statute of 4 Anne, c. 16, sec. 4, Roberts's Digest 42, which first permitted a defendant, with the leave of the court, to plead as many several matters as he should think necessary for his defence—it was the practice at first for the court to refuse leave when the proposed pleas were inconsistent, but in modern practice such pleas, notwithstanding the apparent repugnancy between them, are permitted : 1 Troubat & Haly, part 1, p. 470. Thus, to go no further, what seems to be more inconsistent than to an action upon a bond to plead *non est factum* and payment—to deny the execution of the bond by the defendant, and yet to allege that

he had paid it? The only exception which appears to be recognised is the general issue and tender, and there is a good reason, perhaps, for not allowing these to be pleaded together; for if a verdict were found for the defendant on the general issue, this incongruity would appear upon the record, that nothing was due, though the defendant had admitted on the record, by pleading the tender, that something was due : Maclellan *v.* Howard, 4 Term Reports 194. In Kerlin *v.* Heacock, 3 Binn. 215, the short entry of "not guilty, with leave to justify," was considered, as in fact several pleas of not guilty and a justification, and no remark was made by the court as to their inconsistency. In truth they are not inconsistent. The defendant in slander may believe and allege that he never used the words imputed to him, but as human testimony is fallible and uncertain, he may well fortify himself by adding, if the plaintiff succeeds in proving that I did say the words, they were true. Against an unscrupulous plaintiff of bad character—especially since the Act of Assembly allowing him to be a witness in his own behalf—it may be the only safe line of defence. The discretion vested in the court by the statute of Anne to refuse leave to put in more than one plea, is clearly a legal discretion, not to be exercised unless good reason exists. Where, as here, it was refused to allow an amendment of the pleadings, it was error, under the Act of March 21st 1806, sect. 3, 4 Smith's L. 329. In Smith's Administrator *v.* Kessler, 8 Wright 142, where, after a plea of payment, the defendant was refused leave to put in a plea of non assumpsit, this court reversed the judgment.

Nor can we see that the case is helped by the rule of the court below, relied on by the defendant in error. That rule was evidently intended to abolish the loose mode of pleading "not guilty, with leave to justify," which had been condemned by this court in Kerlin *v.* Heacock, and to compel a defendant to set out in a formal plea of justification what matter he intended to rely on as such. That, indeed, was an action of trespass *de bonis asportatis;* but the same reason applies in libel and slander. The defendant is entitled to have the matter formally spread upon the record—the accusation which he may be called on to meet, if it be of an indictable offence.

Upon the state of the pleadings, after the withdrawal of the plea of *not* guilty, the second and fourth assignments cannot be sustained. The third assignment is to the refusal of the court to award a peremptory nonsuit. If it was an error it is clearly not reviewable here.

Judgment reversed, and *venire facias de novo* awarded.