ALBANY,
Jan. 1814.

ANDREWS
v.
VANDUZER.

——————⚹——————

### ANDREWS *against* VANDUZER.

*When, in an action of slander, the defendant attempts to justify a charge of felony, he must justify as to the specific charge laid, and cannot set up a charge of the same kind, but distinct as to the subject matter.*

*In an action of slander, the defendant cannot give in evidence, under the general issue, matter which might be pleaded in bar, nor give evidence of any other crime than the one charged.*

IN ERROR, from the court of common pleas of *Sullivan* county. *Vanduzer* brought an action of *slander* against *Andrews* in the court below. The declaration stated that the defendant had maliciously, &c. said of the plaintiff, that he, the plaintiff, " had had connexion with a *mare*," &c. meaning thereby that he had been guilty of the crime against nature with a beast. The defendant pleaded the general issue, with notice that he would give in evidence that the plaintiff, before, &c. committed the detestable crime against nature on a certain beast called a *cow*; and also that he, afterwards, &c. committed the crime against nature with a certain beast called a *mare*. At the trial, the defendant offered to prove, that the plaintiff had been guilty of the said crime with a *cow*, and insisted that the evidence ought to be received in *bar* of the plaintiff's action, or, at least, in *mitigation* of damages; but the court below refused to admit the evidence either in bar of the action, or in mitigation of the damages, and the defendant thereupon tendered a bill of exceptions to the decision of the court.

A verdict was found for the plaintiff, for 250 dollars damages, on which the court below gave judgment.

*Sudam*, for the plaintiff in error, contended that the evidence offered, if not admissible in justification, was good evidence in mitigation of damages. The notice was tantamount to a plea of the special matter, and the court, in *Underwood* v. *Parkes*,[*] refused to allow the truth of the words to be given in evidence under the general issue, but said it must be pleaded.

[*] *Stra. Rep.* 1200.

*Betts* and *Fisk*, contra, insisted that the facts stated in the plea could never be a justification, nor could they be given in evidence in mitigation of damages. In *Hilsden* v. *Mercer*,[†] the charge was, that *A.* was a *thief* and had stolen 20 *pounds*; and

[†] *Cro. Jac.* 577.

2

the defendant, in justification, pleaded that the plaintiff had stolen a *hen;* and the court said the words pleaded were as slanderous as the others, and no justification of them. And in *Smithies* v. *Dr. Harrison,** where the charge was the adultery of the plaintiff with *J. S.,* the court said the defendant could not give in evidence the adultery of the plaintiff with any other woman, even in mitigation of damages. It is not necessary to give notice of matter intended merely in mitigation of damages. One slander cannot be justified, or its damages mitigated, by another slander. The charge is of a *specific offence,* and the defendant must be confined, in his defence, to the special charge.

*Per Curiam.* The decision of the court below was correct. The cases in *Cro. Jac.* 677. 1 *Ld. Raym.* 727. *Bull. N. P.* 9. show that the defendant who would justify a charge of felony, must justify as to the specific charge laid, and cannot set up a charge of the same thing, but distinct as to the subject matter. It is a settled rule that a defendant cannot give in evidence, under the general issue in an action of slander, matter which might be pleaded in bar, nor can he give in evidence any other crime than the one charged. The judgment below must be affirmed.

Judgment affirmed.