OPINION of the Court, by
Ch. J. Boyle.
The only question in this case is whether a constable, where he has by virtue of an execution seized and sold property claimed by a stranger, can protect himself from a recovery in an action brought by such stranger, by shewing that previous to the sale he had summoned a jury to inquire of the right of property, and that by their verdict they had found the right to be in the defendant in the execution ?
It is evident that he could not do so upon principles of the common law. Where an officer had taken property under an execution, and the property was claimed by a stranger, such officer might at common law summon a jury to inquire into the right; and their verdict, if against the claimant, though it should ultimately turn out to be erroneous, would shield the officer from the payment of vindictive damages ; but he would nevertheless be bound to make compensation to the injured *259 party, according to the actual loss sustained- But by the act of assembly passed 27th December 18Q3, the verdict of a jury in su-h a case completely protects t “ the sheriff" or other officer’' from all liability.
It is, however, contended that the expression “or other officer,” as used in the act, is exclusively applicable to the coroner. But as the expression literally embraces the case of a constable, and as the reason of the law clearly applies as well to him as to the coroner, we can perceive no principle upon which the expression can with propriety be restrained to the latter in exclusion of the former-
We are therefore of opinion that the court below correctly decided that the law authorised the constable to summon a jury in such case.
Judgment affirmed with costs.