ALBANY,
January, 1823.

M'KINLY
v.
ROB.

M'KINLY *against* ROB.

THIS was an action for *slander*, tried before Mr. Justice *Platt*, at the *Montgomery* Circuit, in *November*, 1821. The declaration charged, that the defendant, on the 15th of *June*, 1821, at *Johnstown*, &c. in a certain conversation, &c. falsely, &c. spoke of and concerning the plaintiff, and of and concerning the truth of the evidence given by the plaintiff, on a complaint made by him, on oath, before *Abel Dunning*, a Justice of the Peace, on the 20th of *March*, 1820, at *Amsterdam*, &c. against one *R. Slyter*, for perjury, &c., the following words, viz. : " He, (meaning the plaintiff,) had sworn false ;" (meaning that the plaintiff had sworn false, and committed perjury, in giving his evidence before the Justice.) The defendant pleaded the general issue, with notice of justification.

At the trial, *Abel Dunning*, a witness for the plaintiff, testified, that on the 8th of *March*, 1820, the plaintiff entered a complaint before the witness, being a magistrate of *Montgomery* county, against *Reuben Slyter*, for the crime of perjury, which complaint was made on the oath of the plaintiff; that, afterwards, on the 20th of *March*, 1820, *Slyter* was brought before the witness, on a warrant, to answer to the charge made by the plaintiff; and the plaintiff was then sworn as a witness, on the examination. The defendant's counsel objected, that the plaintiff ought not to be permitted to prove any thing which the defendant may have said in relation to the evidence given by the plaintiff on the complaint, as that was made on the 8th of *March*, but was alleged, in the declaration, to have been made on the 20th of *March ;* and that the plaintiff ought not to be permitted to prove any thing which the defendant might have said in relation to the evidence given by the plaintiff on the 20th of *March*, as that evidence was given on the examination of the plaintiff, but not on the complaint made by him to the Justice, as stated in the declaration. But the Judge overruled these objections.

*Where, in an action for slander, the declaration alleged, that words were spoken of and concerning the evidence given by the plaintiff, on a complaint, made by him, before a Justice of the Peace, on the 20th of March, 1820 ; and the proof was, that the complaint was made before the Justice on the 8th of March, 1820 : Held, that the variance was not material.*

*Where the words, charged to have been spoken, impute to the plaintiff the crime of perjury, without any qualification or explanation, the defendant, to make out a justification, must prove, that the plaintiff, in giving his evidence, wilfully and corruptly swore false. It is not enough, to prove, that the facts sworn to, by the plaintiff, were not true, though it proceeded from mistake and misapprehension.*

The plaintiff proved the words to have been spoken by the defendant, as stated in the declaration.

The defendant's counsel, in opening his defence to the jury, among other things, stated, that if the jury, from the evidence to be introduced on the part of the defendant, should be satisfied, that the evidence given by the plaintiff, before the Justice, was not strictly and literally true, though the plaintiff might have testified through misapprehension, or mistake, the defendant's justification would be made out, and he be entitled to a verdict.   The Judge ruled, that in his opinion, the defendant would fail in making out a justification, unless he proved, that the plaintiff wilfully swore false; and in his charge to the jury, the Judge, among other things, stated, that the defendant, in order to make out a justification, was bound to prove, that the plaintiff had, in giving his evidence before *A. D.*, the Justice, wilfully and corruptly sworn false; that if the plaintiff, in giving that evidence, had, by mistake, misrepresented a fact, it was no justification to the defendant; and that it required the same evidence to sustain such a justification, as to maintain an indictment for perjury.   The jury found a verdict for the plaintiff, for 500 dollars damages.

A motion was made to set aside the verdict, and for a new trial.

*Reynolds*, for the defendant, contended, 1.   That the plaintiff ought to have proved the *complaint*, before the Justice, to have been made on the day laid in the declaration. Where the *time* is material, it must be proved precisely as it is laid.   In *Pope* v. *Foster*, (4 *Term Rep.* 590.) which was an action for a malicious prosecution, the declaration alleged the trial and verdict to be on a certain day; and, on producing the record, it appeared to have been on a subsequent day; and Lord *Kenyon* held the variance to be fatal, and nonsuited the plaintiff; and the Court of K. B. refused to set aside the nonsuit, and decided, that the variance was equally fatal, though the day, in the declaration, was laid under a *videlicet*.   (2 *Chitty's Pl.* 256. n. s.   2 *Bl. Rep.* 1001.   3 *Bos. & Pull.* 456.)   In the case of the *United States* v. *M'Neal*, in the Circuit Court of the *United States*,

ALBANY,
January, 1823.

M'KINLY
v.
ROB.

(1 *Gallis. Rep.* 387.) there was an indictment for perjury, which charged the perjury to have been committed at a trial before the Court held on the 19th of *May;* and, on producing the record of the trial, it appeared, that the Court was first held on the 20th day of *May,* the 19th being *Sunday;* and the Court held the variance to be fatal.

2. The plaintiff was bound to prove the words to have been spoken in reference to the oath of the plaintiff on the *complaint;* and should not have been permitted to give evidence of any words spoken by the defendant in relation to the oath of the plaintiff on his *examination,* as a witness, before the Justice. The complaint and the examination were distinct proceedings, and at different times. The examination was not a continuation of the complaint. *Chitty (Cr. L.* 31. 72. 82.) says, if the original information (or complaint) and evidence, taken before the warrant issued, contain a complete case, it is the practice, after re-swearing the accuser and witnesses, on the examination, to read over the deposition, and add a fresh *jurat.* The Judge considered the examination as a mere following up of the complaint. But might it not as well be said, that the indictment and trial were the mere following up of the examination; and, therefore, permit the plaintiff to ' give evidence of words spoken relative to the testimony of the plaintiff on these several occasions? If the charge had been, that the defendant had said that the plaintiff swore false on his *voire dire,* would he be permitted to prove words spoken in relation to his testimony given in chief? It was necessary to aver, that the words were spoken in relation to the oath of the plaintiff, in some judicial proceeding. Being, therefore, a substantial averment, it must be proved precisely as it is laid in the declaration. The rule is, that if the whole of an averment may be struck out without destroying the plaintiff's right of action, it is not necessary to prove it. (2 *East's Rep.* 452. 1 *Chitty's Pl.* 307.)

3. The charge of the Judge, that it required the same evidence to sustain a justification of the slanderous words, as to maintain an indictment for perjury, was incorrect, and calculated to mislead the jury. The action of slander is to be determined on the same principles, both as to the ad-

mission and effect of evidence, as any other civil action. Two witnesses are required to establish the guilt of the prisoner on an indictment; but one witness is sufficient to support a justification in an action of slander.

4. The jury ought to have been charged, that if they believed that the defendant intended nothing more than to charge the plaintiff with false swearing, and not to impute to him the crime of perjury, the defendant would be entitled to a verdict; and that the plaintiff was bound to show, that the words were spoken in the sense he ascribed to them.

In *Smith* v. *Carey*, (3 *Camp. N. P. Rep.* 461.) the action was for slander, and the words were, " he lived by swindling and robbing the public;" with an innuendo, that the plaintiff had been guilty of " felony and robbery." The words were proved as laid; but it appearing that they alluded to a transaction from which it might be inferred that the defendant meant only to charge the defendant with a *fraud,* Lord *Ellenborough* said, that the plaintiff was bound to show that the words were spoken in the sense he had ascribed to them ; and if they were satisfied that they were spoken with intent to impute, not felony, but merely *fraud,* there ought to be a verdict for the defendant. (2 *Bl. Rep.* 959. 961, 962.    5 *Bos. & Pull.* 335.    *Peake's N. P. Rep.* 4.    *Christie* v. *Cowell, Van Rensselaer* v. *Dole,* 1 *Johns. Cases,* 279.    *Jarvis* v. *Hatheway,* 3 *Johns. Rep.* 180.)

*Cady,* contra, insisted, that the defendant had suffered no injury from the opinion of the Judge ; for the case stated, that the plaintiff went on, afterwards, and proved the words as laid in the declaration, unless, perhaps, in that part of his charge in which he said that the variance was not material.    That he was correct on that point, the cases of *Brooks* v. *Bemiss,* (8 *Johns. Rep.* 455.) and *Page* v. *Woods,* (9 *Johns. Rep.* 82.) sufficiently show.    The case admits, that the plaintiff proved the words " as stated in the declaration," and that answers every objection.

*Reynolds,* in reply, said, that the cases of *Brooke* and *Bemiss,* and *Page* and *Woods,* were very distinguishable

from this case; and the Court do not say, that *time*, in all cases, is immaterial. The admission in the case, that the plaintiff proved the words " as laid in the declaration," refers merely to the words there charged to have been spoken, not to the other averments. On the construction given to the case by the plaintiff's counsel, it would have been absurd to have brought the case before the Court.

WOODWORTH, J. delivered the opinion of the Court. The day stated in the declaration is not material. There was no record of the complaint; and if there had been, the declaration does not profess to set it out according to its tenor, or *in hæc verba*, but refers to it as matter of description, for the purpose of informing the defendant that the words referred to a *complaint* previously made. In *Brooks* v. *Bemiss*, (8 *Johns. Rep.* 455.) the defendant gave notice that he would offer in evidence a record of the trial of an indictment, of the term of *June*, 1810. When produced, it appeared to be 1809, and the Court held that the variance was not material.

There is no foundation for the second point, for the plaintiff did prove the words to have been spoken in reference to the oath of the plaintiff on the complaint. The declaration avers, that the words were spoken concerning the evidence given on the complaint, which I understand as the evidence given when application was made to the Justice, and upon which the warrant issued; it says nothing respecting the subsequent examination. The case states, " *that the plaintiff proved the words as laid*;" and if so, he must have proved, that the words spoken had reference to the *complaint*. Whether the plaintiff gave testimony on the examination of *Slyter* or not, is immaterial. The plaintiff does not charge the speaking of words relating to that, nor does it appear that any proof was given of the speaking of words by the defendant relating to the evidence given on the examination.

The charge to the jury was correct. The words spoken, in judgment of law, imputed the crime of perjury, inasmuch as they alleged the false swearing to have been before a Magistrate, having competent authority to administer the oath, and take cognizance of the complaint. There was no qualification or explanation by the defendant, at the time, that the

plaintiff, through misapprehension or mistake, may have sworn false. It was too late, at the trial, to say, in substance, " the plaintiff has sworn false, but it may have proceeded from mistake, and may not have been corrupt. I did not intend by the words more than this." The defence, to be available, must be as broad as the charge ; the evidence relied on was no justification. When a defendant has made a charge, that clearly imputes a crime, he cannot, afterwards, be permitted to say, I did not intend what my words legally imply. The intent must be collected from the expressions used, when they have a certain and definite meaning. The jury cannot rightfully indulge in conjectures that are not warranted by the legal import of the words spoken. But if it is doubtful whether the words impute a crime, or may be satisfied by ascribing to them a meaning which renders them not actionable, then the intent may become a fair subject of inquiry before a jury. This distinction is recognised by Lord *Ellenborough*, in 3 *Camp. Rep.* 460., and by this Court, in 12 *Johns. Rep.* 257. The charge of the Judge would not have been correct, if the principle of these cases had been applied to the words spoken by the defendant. We are of opinion, that the plaintiff is entitled to judgment.

Judgment for the plaintiff.