UTICA,
Aug. 1826.

Woodbeck
v.
Keller.

---

MARY WOODBECK, an infant, by C. I. L. her guardian, *against* KELLER.

In slander for charging the plaintiff with perjury ; the defendant, in

SLANDER, for accusing the plaintiff of perjury, tried at the *Montgomery* circuit, in *December*, 1825, before WILL-IAMS, C. Judge.

order to justify by proving the truth of the charge, must give evidence of the same strength as would be necessary to convict of perjury on a criminal prosecution.

Accordingly, one witness alone is not sufficient to sustain the justification. His testimony must, at least, be corroborated by independent circumstances.

In neither case, is it precisely accurate, to say that the charge must be made out by two witnesses swearing positively, or by circumstances equivalent to a second witness. If there be only one witness, circumstances strongly corroborative, are enough ; although not of themselves, and uncontradicted, sufficient to prove a fact.

In an action of slander, there were four witnesses against two as to one fact ; and the judge charged the jury not to believe the two. On moving for a new trial, upon the ground that the judge should have left the evidence to the jury, *held*, that he should have done so ; but as it was plain from the case, that they ought to have come to that conclusion, a new trial should not, for that reason, be granted.

A notice of justification in slander should be proved with great particularity.

The defendant gave a notice, that he would prove special matter on the trial in justification of the slander, setting forth in his notice that the plaintiff had perjured herself, in falsely swearing to certain facts on a trial between her father and one *Vrooman*. On the trial, he proceeded to the proof in justification; and one question was, whether there was not a variance between the proof and the notice. Another question was, whether the same testimony was necessary, to prove the truth of the slander, as to sustain a criminal prosecution for the perjury. There was also conflicting testimony as to what the plaintiff had sworn, the witnesses standing four for the plaintiff, and two for the defendant on this point.

The judge charged the jury, that the two witnesses for the defendant, being contradicted by four witnesses on the part of the plaintiff, as to what she did swear, the former were not to be believed.

Also, that it is the settled law, that to sustain the justification, the defendant must prove the perjury by two witnesses; or by one witness, and circumstances tantamount to another witness. And that one of the facts sworn to by the plaintiff, being disproved by only one witness, this was not sufficient to sustain the justification in that respect.

Verdict for the plaintiff for \$200 damages.

The remaining facts in the case, are sufficiently stated in the opinion of the court.

*M. T. Reynolds*, for the defendant, now moved for a new trial.

*D. Cady*, contra, cited 20 *John*. 351; 9 *id*. 264; 3 *id*. 170; 8 *id*. 369.

*Curia*, per SUTHERLAND, J. I understand the rule to be, as laid down by the judge, that where, in an action of slander, a defendant justifies a charge of perjury, one witness is not sufficient to prove the truth of the charge, and sustain the justification. The evidence must be the same as required to convict a defendant on an indictment for

perjury. There must be either two witnesses, or one witness, corroborated by material and independent circumstances. Upon an indictment, the rule is well established and undisputed ; (1 *Phil. Ev.* 112 ; 1 *Chit. C. L.* 563 ; 4 *Bl. Com.* 357 ; 2 *Str.* 1230 ; *Peak. Ev.* 9, 10 ;) and no ground of distinction is perceived, between the two cases. The defendant must affirmatively make out the fact of wilful and corrupt falsehood, as the public prosecutor must upon an indictment. And if, in the latter case, the oath of the defendant is to be considered equivalent to the oath of a witness, why should not a like effect be given to it in a civil prosecution ? The general rules of evidence are the same in both cases ; and no principle is perceived which requires the adoption of a different rule in this case.

It was asked upon the argument, whether two witnesses would be required, to justify a charge of treason ? Unquestionably not. At common law, one witness was sufficient to convict of that offence. The statute of 1 *Ed.* 6, *ch.* 12, *s.* 22, was the first which required two witnesses to indict or convict of treason ; and that statute, not having been enacted in *Ireland*, the common law rule was enforced, and convictions for treason were had upon the testimony of a single witness, after the passing of that act, (1 *M'Nally*, 31. 1 *Chit. C. L.* 112, 13.)

The reason of the rule in cases of perjury, does not apply to treason. In the latter case, there is no oath against oath. The true reason, as remarked by Mr. *Peake*, in his Treatise on Evidence, (page 10,) which induced the legislature to require two witnesses in such cases, undoubtedly was, " a due regard to the lives and liberties of men, which, in heated and intemperate times, would be much more liable to danger, from pretended plots and conspiracies, if one witness was permitted to convict them of such offences."

There is no analogy, in point of principle, between the two cases.

It is not, perhaps, precisely accurate to say, that the circumstances required, in addition to the oath of a single

witness, in order to convict on an indictment for perjury, or to sustain a justification of that charge in an action of slander, *must be tantamount to another witness*. The same effect is to be given to the oath of the party, as though it were the oath of a disinterested witness. It is, therefore, witness against witness. The scale of evidence is poised; and the equilibrium must be destroyed, by material and independent circumstances, before the defendant can be convicted, or the justification sustained. But the circumstantial evidence need not be such as would, standing by itself, justify a conviction, or sustain a justification, in a case where the testimony of a single witness would be sufficient. It must be corroborative, and strongly corroborative of the testimony of the accusing witness. This is all that is required.

This rule is distinctly recognized by Mr. *Phillips*. He says, it does not appear to have been laid down that *two witnesses* are necessary to disprove the fact sworn to by the defendant; nor does that seem to be absolutely requisite; *but at least one witness is not sufficient;* and in addition to his testimony, some other independent evidence ought to be adduced. (1 *Phil. Ev.* 113.)

Although this question was raised in *M'Kinley* v. *Rob*, (20 *John.* 351,) it was not adverted to in the opinion of the court, the case turning on other points.

The charge of the judge, therefore, in this case, upon the princple of evidence applicable to it, was substantially correct.

The justification was not sustained in relation to the pulling of the flax, and the number of bills paid to *Vrooman*. The plaintiff's oath in relation to those points, was contradicted only by a single witness, uncorroborated by circumstances.

In relation to working in the oats, two witnesses, *Vrooman* and *Magely*, testified that the plaintiff swore *that she had worked half a day for the witness, raking oats. That she commenced a little after dinner, and worked an hour or two after dark.* If she swore to this, the testimony is abundant to show that she swore falsely.

UTICA,
Aug. 1826.

Woodbeck
v.
Keller.

But the judge charged the jury, that *Vrooman* and *Magely* were contradicted by four witnesses, as to the evidence given by the plaintiff, in relation to working in the oats ; and ought not therefore to be believed.

*John Cranker*, testified, that she swore, "*that she thought she had worked late enough, after it was time to quit, to make up half a day.*"

*James Pettit*, that she swore, "*that it was some time in the afternoon when she came to bind oats ; and that she worked till late in the evening ; and that she worked enough, after it was time to quit, to make up half a day.*"

*Cornelius Bennett*, " that she came to work at the oats, a little after noon ; she went home for a rake ; *and she worked long enough, after it was time to quit, to make half a day.*"

*Henry Woodbeck*, " that she went to work a little after noon, *and worked faithfully without going to tea, and thought she had worked a good half day.*"

Not one of these witnesses heard her swear that she had worked *an hour or two after dark ;* but only that she thought she had worked enough *after it was time to quit, to make half a day ; that she worked till late in the evening.*

This is essentially different from a positive oath, that *she worked one or two hours after dark.*    As to the latter fact, she could not have been mistaken.    *If it was not true, it was wilfully false.*

But according to the other witnesses, what she swore to, was expressed as an opinion, or in the vague terms of *late in the evening ;* certainly leaving a much wider field for the belief of unintentional mistake or error, than in the other case.

The notice of justification states, that she swore in substance, and to the effect following : " That she had bound oats *half a day at one time for the said John S. Vrooman, under her father, some time in August,* 1822.    That she had worked on that occasion, *an hour or two after dark,* so as to make up half a day."

A justification must be proved with great particularity. (*Starkie on Slander*, 179.   11 *John.* 38, *and the cases there cited.*)

The judge ought to have left it to the jury, to decide between the witnesses. But if the jury ought to have come to the same conclusion, the strong charge of the judge in an action of this description, is not sufficient cause for granting a new trial. (8 *John*. 369.   9 *John*. 264.)

UTICA,
Aug. 1826.

On the whole, I am of opinion that a new trial should be denied.

New trial denied.