[PHILADELPHIA, MARCH 29, 1833.]

## SMITH *against* BUCKECKER and WIFE.

#### IN ERROR.

In an action of slander for calling the plaintiff a whore, the defendant cannot, under the plea of not guilty with leave to give the special matter in evidence, give evidence to prove that the plaintiff was a *reputed thief* before the time at which it was proved that he had spoken the words.

Nor can the defendant be permitted to prove, that before the time at which he had spoken the words, it was *reported*, that the plaintiff had been *accused* by her sisters of having had connection with *J. H.*

ERROR to the Court of Common Pleas, of *Northampton* County.

After argument by *Scott*, for the plaintiff in error, and *J. M. Porter* for the defendant in error, the opinion of the COURT, in which the case is fully stated, was delivered by

KENNEDY, J.—This action has been brought into this court by writ of error to the judges of the Court of Common Pleas of *Northampton* county, where it was commenced by the defendants in error, against the plaintiff in error, for defamatory words spoken by him of *Rebecca Buckecker*, one of the defendants in error. There are six counts in the declaration. The words in the two first are that " she whored with *John Huff* ;" in the third and fourth, that " she had whored with Doctor *Stout* ;" in the fifth, " you are a whore," and in the sixth, " she is a whore."

The defendant below pleaded first the general issue, with leave to give the special matter in evidence; afterwards, he added the plea of justification to the first and second counts; and ten or more days before the time of trial, according to a rule of the court below, gave the plaintiffs there a notice of special matter in the following words, to wit :

" Sir—You will please take notice that I have this day added the plea of justification to the first and second counts of the plaintiff's declaration, and that under the pleas entered, defendant, in mitigation of damages, will offer evidence to prove the general character of the plaintiff, *Rebecca Buckecker*, late *Lynn* ; in substance amounting to this, that she is dishonest, and a *reputed thief* ; that she is lewd in her manners, and a reputed whore."

On the trial of the cause, after the plaintiffs below had given evidence of the speaking, by the defendant, of the words charged in the declaration, he offered, *inter alia*, to give evidence that *Rebecca*, one of the plaintiffs, was *reputed a thief* before the time at which it was proved that he had spoken the words. This evidence was objected to by the plaintiffs' counsel, and overruled by the court. Defend-

ant's counsel excepted to the opinion of the court in this behalf, which is assigned for the first error.

The defendant further offered to give evidence, that it was reported before the time, at which, according to the evidence given, he spoke the words, that the said *Rebecca* was accused by her sisters of having connection with black *John Huff,* to which the plaintiffs' counsel also objected, and the court overruled the evidence. To this opinion of the court, the defendant's counsel excepted, and has made it the ground of the second error, which, with the first, are all that have been assigned, and now remained to be considered.

It is not claimed by the counsel for the plaintiff in error, that any portion of the evidence rejected by the court below ought to have been admitted under the plea of justification, but it is contended strenuously that under the plea of not guilty with leave to give the special matter in evidence, the whole of it ought to have been received.

With respect to the evidence to which the first error relates, it is said, that every plaintiff who prosecutes an action for defamation, puts his general character in issue, and that it therefore becomes competent for the defendant to show that his general character is bad, in any and every point of view whatever, and totally destitute of any and all the virtues necessary to constitute a good moral character. These are propositions to which I am not prepared to give my assent fully. It was at one time held in *England,* that where the defendant pleaded the general issue without a justification, he might prove that the plaintiff had been generally suspected of the offence imputed to him by the defendant. *Earl* of *Leicester* v. *Walter,* 2 *Camp.* 251. — *v. Moore,* 1 *Maule & S.* 284. 2 *Stark. Evi.* 877. But it seems to be settled now, that the plaintiff cannot give evidence of his general good character with a view to enhance the damages. *Stuart* v. *Lovell,* 2 *Starkie's Ca.* 84. *Cornwall* v. *Richardson, R. & M.* 305. Nor can the defendant, on the other hand, show that it is bad in mitigation of damages. *Jones* v. *Stevens,* 11 *Price,* 235. During a certain period, however, it was held, that the defendant under the general issue might assail the general character of the plaintiff, and give evidence that it was bad ; and as long as this was the rule, the plaintiff was of course admitted to repel it by giving evidence of his general good character; but it was only in cases where his general character was first impeached by the defendant, that he was permitted to give evidence of its being good, for that was always presumed, until some attempt at least was made to rebut it. 2 *Stark. Ev.* 370-1. 878.

Under the application of the rule which seems to prevail at present in *England,* it is clear, that the evidence referred to in the first bill of exceptions was not admissible, which was to show that *Rebecca,* one of the plaintiffs below, was reputed a thief. It is very evident, that evidence to prove the fact of her being a thief, could not have been received either in bar of the action, nor yet in mitigation of

damages, because altogether foreign to the issues joined as well as to the charge made by the defendant upon the character of the plaintiff. *Hilsden* y. *Mercer,* Cro. Jac. 677.    *Andrews* v. *Vanduzer,* 11 *Johns.* 38.    *Sawyer* v. *Eifert,* 2 *Nott & M'Cord,* 511. But it is contended, that although it was not competent to prove the fact of her being a thief, still evidence of her being reputed such was admissible, as showing that her general character was not good.

It appears to me that this is claiming too great a latitude, and an indulgence that should not be extended to a slanderer. It is going far enough in such cases, to permit a defendant who cannot justify, to prove in general terms that the general character of the plaintiff is not good, without permitting him to prove that the plaintiff has been suspected or reputed to be guilty of a crime or crimes different from that imputed and set forth in the declaration.

Such evidence could not in the least extenuate the offence of the defendant below. On the contrary, does it not seem to be rather an aggravation of it? Is it not in effect saying, " It is true I have charged you with being a whore, and although false and entirely groundless, yet I am determined not to be altogether frustrated in my design of destroying your character, and will therefore prove now, not that you are a thief, for that I am unable to do, but that you have been at least reputed such?" This, as it appears to me, would be permitting the defendant to give utterance to another slander, for the purpose, as he says, of *palliating* the first, when, as likely as not, he may be the author of both ; for although it may have received a circulation that has attached, in some degree, to the general character of the party, still it was no doubt originally the offspring of a single tongue, but whose, it may be impossible to identify, on account of the confusion produced by its general circulation. I am therefore unwilling to sanction a principle, which may enable a man to offer one slander, which he may have been the author of as likely as any body else, as an extenuation of the second.

Whether, under the plea of not guilty with leave to give the special matter in evidence, he ought to be permitted to give evidence of circumstances which had induced a suspicion of the plaintiff's guilt, in order to mitigate the damages, *without at the same time showing the plaintiff's innocence and acquitting him of all suspicion* ; or whether he ought to be permitted with the like view to give evidence that he was told the slander by another, *without having mentioned his author at the time he spoke the words ;* or whether the defendant shall be at liberty to give evidence of the plaintiff's general character being bad, simply, *without more,* are questions which do not necessarily arise in this case, and upon which I therefore forbear to express an opinion. But I am most decidedly of opinion, that he ought not to be permitted to go one jot beyond the affirmative answer to each of the foregoing questions, if so far.

It is also proper to observe, that the evidence connected with this first error assigned, was not evidence to show that the plaintiff was

(Smith *v.* Buckecker and wife.)

*generally* reputed a thief, but barely to prove that she was reputed, that is, accounted such, which might have been only by one or two persons; so that the evidence rejected by the court below, was not such as could have incorporated the charge of thief into her general character.  Upon every principle, therefore, the court were right in rejecting it.

The second error assigned is, that the court below rejected the evidence offered by the plaintiff in error, which was to prove that it was *reported* that *Rebecca Buckecker,* one of the defendants in error, was *accused* by her sisters of having had connection with black *John Huff.*  It does appear to me, that it was carrying the matter too far, to say, that there was error in rejecting this evidence, and gravely to present to the court a bill of exception on account of it.  The offer, it will be observed, was not to give evidence that any one had ever said that she had had connection with *Huff,* but that it was *reported,* that her sisters had *accused* her of it.  I confess that I am unable to see how such a *report* could in the least palliate the conduct of the plaintiff in error, or lessen the nature of the injury.  It is not even pretended, or at least no evidence was offered to show, that the sisters ever made such an accusation, but merely that a *report* had some how or other got into circulation to that effect; which might, for ought that was offered to be shown, have originated with and started from the plaintiff in error himself.  A man who would take advantage of such a report being in circulation, although he had no concern with originating it, and make it the basis of charging the female directly with the offence, as was done in this case, ought certainly not to be punished the less severely on account of it.

Beside, there was another objection to the receiving of this evidence, which I think was insuperable.  It was not contained within the notice of special matter which was given, and according to the rule of the court below, could not be admitted after objection by the adverse party.  We think the court below decided correctly in rejecting the evidence, and therefore affirm the judgment.

Judgment affirmed.