Daniel, Judge.
 

 — The defendant offered as evidence in mitigation of damages, that the plaintiff before the speaking of the words, was in the habit of vilifying and abusing him. This evidence was rejected by the Court, and we think properly. The conduct or declarations of the plaintiff at the time of speaking the slanderous words, may be proved, for they are a part of the fact, and essential to the
 
 *13
 
 proper understanding of it. General evidence of the plaintiff's bad character is also admissible in mitigation of damages in an action of slander, and this may be given under the general issue,
 
 (Paddock
 
 v.
 
 Salisbury,
 
 2 Cowen, 811;
 
 Vick
 
 v.
 
 Whitfield,
 
 2 Hay. 222;
 
 Andrews
 
 v.
 
 Vandozer,
 
 11 John. 38; -v.
 
 Moor,
 
 1 M. & S. 284;
 
 Leicester
 
 v.
 
 Walter,
 
 2 Camp. 251;
 
 Rodriguez
 
 v.
 
 Tadmire,
 
 2 Esp. R. 720.) The reason for admitting such evidence is, that a person of disparaged fame is not entitled to the same measure of damages, as one whose character is unblemished,
 
 (Watson
 
 v.
 
 Christie,
 
 2 B. & P. 224 ; 2 Starkie, 369. 878.) In
 
 Alexander
 
 v.
 
 Harris,
 
 6 Munford 465, evidence was offered that
 
 before
 
 the speaking of the words imputed to the defendant, the plaintiff was in the habit of vilifying, insulting, and provoking the defendant, and his family; but the Court was of opinion that it was inadmissible. Such a course would lead to mischievous investigations, and might embrace the whole conduct of the parties towards each other for years. Besides, in legal contemplation, injurious language furnishes no excuse for the offended individual, who brooding over the real or imaginary insult, deliberately, and in revenge, falsely charges a specific crime upon the previous wrong-doer. The evidence offered, relates to the particular previous conduct of the plaintiff, and does not come within any of the rules of law which admit evidence in mitigation of damages.
 

 Per Curiam. Judgment affirmed.