# Gilchrist *against* M'Kee.

The character for veracity of a female witness may not be impeached by evidence of her general character for chastity.

ERROR to *Westmoreland* county.

This was an issue directed by the court to try the right to money in the hands of the sheriff made out of the sale of the real estate of Joseph Ford, in which John M'Kee was plaintiff and Robert Gilchrist defendant ; the facts of which are fully stated in the former report of the case, in M'Kee *v.* Gilchrist, 3 *Watts* 230. The only question now determined arose out of these facts : Mary Ford was called by the plaintiff as a witness and gave evidence ; the defendant proposed to give evidence of her general character for chastity.

[Gilchrist v. M'Kee.]

The plaintiff objected, and the court (Young, president) overruled the evidence.

*Alexander*, for plaintiff in error, cited, 14 *Mass.* 387; *Stark. Pl. and Ev.* 368; Wike *v.* Lightner, 11 *Serg. & Rawle* 199; Chess *v.* Chess, 1 *Penns. Rep.* 40.

*Foster*, for defendant in error, cited, 1 *Stark. Pl. and Ev.* 146, 147, note.

The opinion of the Court was delivered by

GIBSON, C. J.—It was decided in The Commonwealth *v.* Murphy, 14 *Mass. Rep.* 387, that the credit of a female witness may be impeached by evidence of prostitution; but the propriety of the decision has been questioned by the same court, if not denied, in The Commonwealth *v.* Moore, 3 *Pickering* 196; and the precise point was ruled differently in Jackson *ex dem.* Boyd *v.* Lewis, 13 *Johns.* 504. By our own court it was held, in Brindle *v.* M'Ilvaine, 10 *Serg. & Rawle* 282, that a witness may not be discredited by *reputed* want of sobriety. The case, however, did not require the point to be put on ground as broad as that which is covered by the present question. The weight of authority, therefore, seems to sustain the decision of the court below in suppressing the proposed inquiry into the general character of the female witness for chastity, and there certainly can be no doubt of its propriety on principle. The competency of the proposed evidence to the general character of another witness, seems to stand essentially on the same considerations. In *Swift's Evidence* 143, it is said the inquiry must be limited to character for reputation specifically; and the same thing is said in The Commonwealth *v.* Moore, and Jackson *v.* Lewis, already quoted. The rule was, however, laid down differently in The State *v.* Stallings, 2 *Hayw.* 300; Hume *v.* Scott, 3 *Marsh* 361; and with some appearance of qualification in Noel *v.* Dickey, 3 *Bibb* 258, where it is said the opposite party may rebut the inference from general abandonment, by a question directed particularly to the point of veracity. But if an inquiry into reputation for a particular vice be inadmissible, it is not easy to comprehend how an inquiry into reputation for a variety of vices may be less so. Granting that universal immorality includes want of veracity, yet a man may be generally vicious without being universally so. He may be intemperate, incontinent, profane, and addicted to many other vices that ruin the reputation, and yet retain a scrupulous regard for truth. Countless instances of such partial exemption from depravity are in the knowledge of every one. It is, after all, character for veracity alone with which the jury have to do; and why not let it come to them in the first instance without admixture of ingredients that may alter its quality and corrupt its influence? If character for veracity be the legitimate point of inquiry, and if to this complexion it must come at last, it follows that it is the only

[Gilchrist v. M'Kee.]

one, and that an inquiry into any thing else is illegitimate. In the *dicta* of the judges on this head, there is a jarring want of precision from over-refinement, which would be advantageously dispensed with by restraining the examination to a plain, practical, straightforward inquiry to the very point to be attained.

From the imperfect state of the case as it appears on our paper books, it is, perhaps, that we cannot see the force of the exceptions to the charge. The plaintiff in error complains that a particular direction which might have been given in his favour was omitted; but we see nothing like a prayer for such direction, without which an omission of it is not error. The credibility of the witnesses was deservedly left to the jury; and from an inspection of the record the standing exception, that the court withdrew the facts from the jury, does not seem to be supported.

Judgment affirmed.