## Long *against* Brougher.

In slander, under the plea of not guilty, the defendant cannot give evidence of the plaintiff's admissions several years before, of his having been guilty of an offence similar to the one imputed to him by the defendant.

Nor is it competent for the defendant to prove, under such plea, that it was generally reported in the country for many years, that the plaintiff had been guilty of the offence charged against him by the defendant.

ERROR to the common pleas of *Somerset* county.

Peter Brougher against Nathan Long. This was an action of slander in which the declaration laid the charge by the defendant to have been that the plaintiff had committed a crime against nature. Plea, Not guilty.

Upon the trial, the defendant offered to prove by a witness, that four or five years ago, he heard the plaintiff admit, that he had been guilty of a crime against nature, similar to the one laid in the plaintiff's declaration, but upon the body of a different animal. The evidence was objected to and overruled; and the defendant excepted.

The defendant also offered to prove, that, long before the words alleged to have been spoken by him, reports were in circulation, and told to him, that the plaintiff had been guilty of the crime mentioned. This was also objected to and rejected, and the defendant excepted.

*Austin*, for plaintiff in error, cited 3 *Yeates* 518; 1 *Binn.* 192; 1 *Nott & M'Cord* 268.

*C. Forward*, for defendant in error, cited 11 *Johns.* 38; 3 *Pick.* 377.

The opinion of the Court was delivered by

GIBSON, C. J. The evidence contained in the first bill of exceptions, was clearly incompetent. It is perhaps still unsettled how far a defendant may show, on the general issue, circumstances tending to a conclusion of guilt, though short of an actual justification; but it has never been supposed that he may prove the perpetration of a distinct crime belonging to the same class, in mitigation of damages. It seems to be affirmatively settled that he cannot, by Smithies *v.* Harrison, 1 *Ld. Raym.* 727; Helsden *v.* Mercer, *Cro. Jac.* 677; Andrews *v.* Vanduser, 11 *Johns.* 38; and Matthews *v.* Davis, 4 *Bibb.* 173. The only thing that could be suggested in its favour, is that, as every plaintiff in slander comes into court with his character in his hand, all evidence that would test it might seem proper to ascertain the extent of the injury done to it. But the same license

[Long v. Brougher.]

would let in matter of justification without a plea to cover it; which the law undoubtedly does not allow, as no man can come prepared to explain the transactions of a lifetime. But in Helsden *v.* Mercer the court refused to suffer the plaintiff to be apprised of a collateral accusation even by a plea—so inveterate is the rule that character can be impeached but by general evidence of its condition. And to its universality, the right to justify by plea, is not an exception; for the object of evidence in justification, is not to prejudice the plaintiff's character, but to establish a point of defence which is independent of all character.

The evidence. contained in the second bill also was inadmissible. The prevalence of suspicions years before, might go in extenuation of malice, if haply that could avail the defendant, though its effect with the jury would be comparatively small. Here, however, there was not only a wide interval of time, but the compromise of a previous suit which implied no reservation of the question of guilt.— The paper signed on the occasion shows that the defendant spoke the words laid; and it concludes with an agreement to pay a small sum in damages. It is certainly an implied admission that the imputation was groundless. Having thus admitted himself to be apprised of the injustice of his suspicions, there is no plausible reason why the defendant should recur to them as an apology for his reiteration of the slander. If the existence of suspicions be admissible in any case, and it seems to be so by the force of authority, it must be to show the previous plight of the plaintiff's character, *Starkie on Slander* 410, in order to estimate the injury to it; for it is agreed, *Id.*, that as inducement to a belief of actual guilt, it is not competent to detract from the malignity of the defendant's purpose, since any thing short of justification, must leave a residuum of malice sufficient to support the action, and damages it seems are given, *Id.* 162, not to punish but to compensate. This last, however, is not so clear. But it surely does not lessen the injury that the plaintiff's character, bleeding from a thousand wounds, has received only the finishing blow from the defendant. Who can say that it would not have weathered the storm had it not sunk at last under the accumulated weight of the defendant's wrongs? I am unable to see the justice of estimating character by its fragments, or of treating as matter of extenuation, the fact that the injured party had suffered the same prejudice from another. The blow may fall the heavier on sensibilities morbid from the repetition of injury. The principal has no analogue in any other part of the law; for in the pursuit of reparation for a trespass to my person, I am not to be told that my battered carcass was of little worth to me by reason of a previous beating. All that could be done would be to protect the defendant from liability for specific injuries done by another. In that predicament the condition of the sufferer is an aggravation of the wrong, inasmuch as the residue of a man's soundness, whether of body or character, is the more

[Long v. Brougher.]

valuable to him, because it is all that he has to depend upon. It would be no extenuation of the putting out of an eye that the other had been put out before. It must not be forgotten, that the suspicions in question are groundless; the law presumes them to be so, and the defendant's refusal to insist on the truth of them, confirms it—and that on the other hand, the injury is wilful and malicious. Now it seems to be irreconcilable to the dictates of justice, that previous outrage should be made an invitation to aggression by cheapening the consequences of it to the perpetrator. I am, however, content to go as far as the decisions have gone, but no further; and there is nothing in any of them to prove that a stale and exploded accusation may be made a pretext for its repetition. When, therefore, the defendant, driven to the verge of his position, was compelled to admit the plaintiff's innocence, the presumption is that it produced a restoration of character not to be wounded afresh with impunity; and a party may not recur to ground of mitigation which he had formally abandoned.

Judgment affirmed.