## Case No. 9,108.

### In re MARSH.

[6 Law Rep. 67.]

Circuit Court. D. New Hampshire. April, 1843.

BANKRUPTCY—SETTING ASIDE VERDICT OF JURY—NEW TRIAL.

1. Whether the propriety of granting or refusing a motion for a new trial is a question, which, under the bankrupt act [of 1841 (5 Stat. 440)], can be adjourned into the circuit court, quaere.

2. But if it can be, then all the evidence and circumstances of the whole case must be brought fully before the circuit court, in order to enable it to form an opinion upon the question, whether a new trial ought to be granted or not.

3. The mere admission of incompetent testimony, or the mere misdirection of the court in a matter of law, is not of itself sufficient to establish, that a new trial ought to be granted, if in point of fact the verdict ought to be exactly what it has been upon the whole evidence and law properly applicable to the case, and the party moving for a new trial has suffered no injustice or prejudice thereby.

[Cited in U. S. v. Hudson, Case No. 15,412.]

4. *Held*, that the present case was too imperfectly stated to enable the circuit court to give

any opinion upon the adjourned questions, inasmuch as the certified proceedings did not state what was the issue before the jury for trial, nor. what the whole evidence was, which was submitted to the jury.

This case came before this court, upon a question adjourned from the district court of New Hampshire, as follows: "Whether the verdict of the jury may be set aside and a new trial may be granted upon the accompanying petition and statement." The case was submitted without argument.

STORY, Circuit Justice. I entertain the most serious doubts, whether the present question, adjourned into this court, is within the purview of the sixth section of the bankrupt act of 1841, c. 9. That section declares, that "the district judge may adjourn any point or question, arising in any case in bankruptcy, into the circuit court for the district, in his discretion to be there heard and determined." Now, the granting or refusing a motion for a new trial is a matter resting in the sound discretion of the court, under all the circumstances of the case; and it by no means necessarily follows, that a new trial is to be granted for every mistake or misdirection of the judge at the trial, however trivial or unimportant it may be, if upon reviewing the whole evidence, so far as it is unobjectionable, and the law growing out of it, it is clear that no injustice has been done to the party, and that the merits are unequivocally against him, and the verdict just such as it ought to be. So, if the direction of the judge is objectionable in a particular passage, or on account of particular expressions, if, taking the whole together, it be such in substance, as will lead to a just conclusion, there is no ground to set aside the verdict for that cause only. The like result arises, where evidence has been admitted, which ought not to have been received, provided there be sufficient without it to authorize the finding of the jury. In short, in all these cases, the question is not, whether the ruling of evidence and the directions given by the judge at the trial have been entirely correct, but whether, upon the whole case, the party moving for a new trial has suffered any wrong or prejudice or injustice. The books are crowded with cases in support of the doctrines which I have stated. It is sufficient to refer to Edmondson v. Machell, 2 Term R. 4; Horford v. Wilson, 1 Taunt. 12; Pulley v. Hilton, 12 Price, 625; Cox v. Kitchin, 1 Bros. & P. 338; Gascoyne v. Smith, 1 McClel. & Y. 338; Wickes v. Clutterbuck, 2 Bing. 483; Teynham v. Tyler, 6 Bing. 561; Brazier v. Clap, 5 Mass. 1; Remington v. Congdon, 2 Pick. 310; Dole v. Lyon, 10 Johns. 447; and Woodbeck v. Keller, 6 Cow. 118. Nor do the recent cases of Crease v. Barrett, 1 Cromp., M. & R. 919; Baron de Rutzen v. Farr, 4 Adol. & E. 53; Wright v. Tatham, 7 Adol. & E. 313,—properly considered, overturn the doctrine as to the admission of improper evidence, although they certainly show an inclination of the courts to restrict its application to very clear cases. See, also, Estwick v. Caillaud, 5 Term R. 425, per Buller, J.; Grah. & W., New Trials, c. 9, pp. 301–310; 2 Tidd. Prac. (9th Ed., 1828) 907, 908; Tyrwhitt v. Wynne, 2 Barn. & Ald. 559, per Lord Tenterden. Considerations of this sort go very far to show, that the question, whether a new trial ought to be granted or not, being a matter exclusively in the discretion of the court, can most properly be disposed of by the district court before which the trial is had, and by which the whole circumstances of the case are fully understood, and can be best weighed; and that the bankrupt act was intended to provide for the adjournment of such questions only into the circuit court, as are mere questions of law, and not questions of discretion.

But without dwelling upon this matter in this view, it is obvious, that if the circuit court is to act at all upon the question, whether a new trial ought or ought not to be granted, all the evidence, which was given at the trial, and all the circumstances of the whole case ought to be brought by a complete report before the circuit court. That has not been done in the present case; and the want of it constitutes an insurmountable obstacle to any satisfactory decision upon the adjourned question by this court. It is not stated, what was the issue before the court upon which the trial was had, and the verdict of the jury was given; nor when or at what stage of the proceedings in bankruptcy the issue was directed. For aught that appears on the certified papers, it may have occurred before any decree, declaring the party a bankrupt, or upon some question occurring incidentally afterwards. In respect to the evidence admitted by the district judge at the trial, it is proper to state, that neither the deposition of Daniels or Gerrish is before this court, and, therefore, it is impracticable for me to say, what were the facts to which they testified. The same objection applies to the admission of the testimony of Osgood. It is not stated, what were the facts to which he was called to testify, or to which he actually did testify. So that the relevancy and materiality of the testimony of all these witnesses to the merits of the case, are beyond the power of this court to ascertain or weigh. In respect to Daniels, it is plain, that the admission of his deposition would be productive of no mischief to the petitioner, for he was present in court, and produced by the petitioner as ready to testify; so that it was the petitioner's own fault, if he was not examined by him to control, qualify, or explain any of the statements in his deposition. The objection now taken is strictissimi juris, and upon a motion for a new trial, I should think it entitled to very little regard. In respect to Gerrish, there might be a stronger ground for the objection to his competency; but it is difficult, if not absolutely impracticable to say, whether he was incompetent or not to testify,

unless the point at issue between the parties, and the nature of his testimony was fully disclosed in the proceedings certified to this court. A creditor of a bankrupt petitioner is not in all cases incompetent to give evidence touching questions arising in bankruptcy; for in many cases he may not have any direct interest whatsoever in the point to be decided. In other cases his interest may be remote or contingent; as for example, upon the question, whether the petitioner shall be declared a bankrupt or not; for a party may be declared a bankrupt, and yet not be entitled to his discharge; and it is necessarily a matter resting in contingency, whether he ever obtains a discharge or not. Now, I take it, that to render a witness incompetent, it is not sufficient, that he has an interest in the question, but he must have a direct and positive interest in the result of the issue, and not a mere remote or contingent interest. How, then, can the court decide upon the question of incompetency, unless it knows, what the issue is?

In respect to the rulings of the district court at the trial, in matters of law, it is impossible for me, absolutely, to say, from the defects in the proceedings certified to this court and before alluded to, whether there was any misdirection of the court or not. Most of them, upon general principles, if I were at liberty to look at them in that view only, would seem to have been correctly decided; and as to the others, they might be perfectly maintainable upon all the facts and circumstances in evidence, or if unmaintainable in point of law, they may have had no legal effect upon the verdict. nor have in any manner been prejudicial or injurious to the petitioners. The case must therefore be sent back with a declaration, that upon these proceedings, now before this court, it is unable to give any opinion. whether a new trial ought to be granted or not.