## Moyer *versus* Moyer.

*Admissibility of evidence of plaintiff's general character in action for defamation.*

In an action on the case to recover damages for saying that plaintiff had committed perjury, evidence of the plaintiff's general character for truth and veracity is admissible on the part of the defendant in mitigation of damages.

ERROR to the Common Pleas of *Elk county.*

This was an action on the case, by Jacob Moyer against Elias Moyer, to recover damages for defamation of character.

[Moyer v. Moyer.]

The material facts of the case were these :—

On 30th October 1863, a suit was pending and tried before Eddy Hyatt, Esq., a justice of the peace in Elk county, wherein John Moyer, administrator of Isaac Robinson, deceased, was plaintiff, and Elias Moyer was defendant; on the trial of which Jacob Moyer, the plaintiff below, was sworn, and testified as a witness on the part of the plaintiff.

The plaintiff alleged in his *narr.* that defendant had said that plaintiff had sworn to a lie in his testimony in that suit, and that he would be qualified to it. The same allegation was set forth in substance in all the numerous counts in the *narr.*, with *innuendoes* that plaintiff had committed wilful and corrupt perjury.

After the plaintiff had closed his evidence, the defendant, on his part, in mitigation of damages, offered to prove that plaintiff's general character for truth and veracity was bad in the neighbourhood where he lived. To which offer the counsel for plaintiff objected. The court sustained the objection, and rejected the offer. After verdict and judgment for the plaintiff, the defendant sued out this writ.

The only question discussed here was whether the court below were in error in excluding this evidence.

*Henry Souther* and *R. Brown*, for plaintiff in error.

*Chapin & Wilbur*, for defendant.

The opinion of the court was delivered by

READ, J.—Mr. Pitt Taylor, in the 4th edition of his Treatise on the Law of Evidence, in speaking of evidence in mitigation of damages in slander and libel, says: "Whether, in an action for defamation, evidence, impeaching the plaintiff's previous general character, and showing that at the time of the publication he laboured under a general suspicion of having been guilty of the charge imputed to him by the defendant, is admissible as affecting the question of damages, is a point which has been much controverted;" and, after stating the arguments on both sides, he says: "Such being the arguments on either side of this vexed question, it remains only to observe that the weight of authority inclines slightly in favour of the admissibility of the evidence, even though the defendant has pleaded truth as a justification, and has failed in establishing his plea." "It seems, however, that here, as in other cases where witnesses to character are admitted, evidence must be confined to the particular trait which is attacked in the alleged libel, and as to this, it can only furnish proof of general *reputation*, and must by no means condescend to particular acts of bad conduct:" vol. 1, pages 354, 355, 356.

[Moyer *v.* Moyer.]

In Teese *v.* Huntingdon, 23 How. 2, it was clearly established, as the general rule in the United States, that in impeaching a witness the inquiry should be as to his reputation for truth and veracity. In Chess *v.* Chess, 1 Penn. Rep. 32, this is undoubtedly the rule; and in Gilchrist *v.* McKee, 4 Watts 380, where it was held that the character of a female witness for veracity could not be impeached by evidence of her general character for chastity, Chief Justice Gibson said, "But if an inquiry into reputation for a particular vice be inadmissible, it is not easy to comprehend how an inquiry into reputation for a variety of vices may be less so. Granting that universal immorality includes want of veracity, yet a man may be generally vicious without being universally so. He may be intemperate, incontinent, profane, and addicted to many other vices that ruin the reputation, and yet retain a scrupulous regard for truth. Countless instances of such partial exemption from depravity are in the knowledge of every one. It is, after all, character for veracity alone with which the jury have to do, and why not let it come to them in the first instance, without admixture of ingredients that may alter its quality and corrupt its influence? If character for veracity be the legitimate point of inquiry, and if to this complexion it must come at last, it follows that it is the only one, and that an inquiry into anything else is illegitimate."

It seems, therefore, from these authorities, that in an action for slander in saying that the plaintiff had committed perjury, the defendant would be permitted to prove, in mitigation of damages, the plaintiff's general bad character for truth and veracity. So where the charge is of dishonesty, or immorality, or want of chastity, the evidence in each case would be of a general bad reputation for either of those vices. With regard to want of veracity or lying, it may be a confirmed habit in persons of otherwise excellent character, as we all of us know of notable examples of men of integrity who are known to be habitual liars. When, therefore, the alleged slander is an accusation of perjury, it seems inevitable that the defence might be a bad general reputation for veracity, whilst the general reputation for integrity and honesty might be good.

We are, however, met by two cases in our own state. The first, of Long *v.* Brougher, 5 Watts 439, really decides nothing bearing upon this question; and the second, Steinman *v.* McWilliams, 6 Barr 170, is an opinion of Judge Coulter's, founded mainly on the pleadings, and also upon authorities in two other states—those in New York made under peculiar circumstances, and under a mistaken view of the English rule, and those in Massachusetts have been so modified by subsequent decisions as to greatly weaken, if not destroy, their applicability.

These cases, if applicable, are, however, substantially over-

ruled by Conroe v. Conroe, 11 Wright 198, where the slander was of want of chastity, in gross terms, and was met by evidence, in mitigation of damages, of a bad general reputation in that particular. This decision is undoubtedly applicable to the present case, which was an action of slander for a charge of perjury, and the evidence rejected was a bad general reputation for truth and veracity. Upon authority, therefore, and clearly upon principle, the evidence should have been admitted.

Judgment reversed, and *venire de novo* awarded.