NOTE.—As to co-executors, see De Haven v. Williams, 80 Pa. 480.

---

## Commonwealth v. Slabach.

*Witness—Discrediting of—Reputation for veracity—Evidence of particular act—New trial.*

1. A witness cannot be discredited by evidence of a particular act of misconduct, but only by showing a bad reputation for truth and veracity in general.

2. A new trial should be granted where, on the trial of a prosecution for larceny, the father of the defendant, a witness in his behalf, was allowed to be asked on cross-examination whether a certain person had not shot at him while he, the witness, was trying to rob a chicken-coop, his denial being contradicted by said person in rebuttal.

Rule for a new trial. Q. S. Lancaster Co., April Sess., 1922, No. 35.

*B. F. Davis,* for rule.

*John E. Malone, William C. Rehm,* District Attorney, and *S. V. Hosterman,* Assistant District Attorney, contra.

LANDIS, P. J., July 8, 1922.—The defendant was indicted for the larceny of nineteen chickens, and, upon a trial by a jury, was found guilty. He has filed

2 D. & C.

thirteen reasons why a new trial should be granted to him, and we have carefully examined all of them. No exception was taken to the charge of the court, and it is, therefore, presumed that it was at that time satisfactory to all the parties.

The evidence concerning the chicken's feet was admitted without objection, as was also the foot itself. It was, therefore, not improper, when the request was made, to send it out with the jury.

The complaint made concerning the address of the special counsel for the Commonwealth was not asked to be placed upon the record, and there is nothing in this proposition, therefore, that needs consideration. The only question which we think has any importance is that raised by the seventh and eighth reasons.

Henry Slabach, the father of the defendant, was called in the defendant's behalf. On cross-examination, he was asked (the defendant objecting) whether a man by the name of Redcay did not shoot at him while he, the witness, was trying to rob a chicken-coop. The witness denied the charge; and afterwards, in rebuttal, the Commonwealth called Martin W. Redcay, who testified that he had shot at Henry Slabach, the father, while he was stealing chickens. The question arises whether the testimony relating to this matter was properly admitted.

An examination of the authorities leads me to the belief that it should not have been admitted. In Wike *v.* Lightner, 11 S. & R. 198, it was held that "evidence to discredit a witness must go to his general character and not to particular acts of misconduct;" and in Snyder *v.* The Com., 85 Pa. 519, that "character can be impeached only by evidence of general reputation and not by evidence of particular acts of misconduct."

In Com. *v.* Payne, 205 Pa. 101, an offer was made on behalf of the defendant to prove the general reputation of a witness for the Commonwealth, coupled with proof as to his reputation for truth and veracity. Mr. Justice Mitchell, in delivering the opinion of the court, said: "The offer was properly excluded. The only point relevant to the case was the truthfulness of the witness's testimony. This might be attacked by direct contradiction or by showing a special animus or prejudice on the part of the witness against the prisoner, or by showing a bad reputation for truth and veracity in general. But this is the extent. A vicious practice had at one time a considerable hold in some states (and to some extent still has in modern England), under the pretence of 'letting the jury know who the witness is,' of allowing indiscriminate attacks upon the general character and private life of adverse witnesses. No doubt there are cases where such knowledge might materially assist the jury in estimating the proper weight to be given to the testimony, but it was capable and usually productive of great abuse by throwing into the jury-box wholly irrelevant matter merely intended to excite prejudice against the witness."

In Com. *v.* Williams, 209 Pa. 529, the question was propounded to a witness for the Commonwealth, on cross-examination, "Weren't you running a sporting-house there?" and it was offered to be followed by another question, "Whether or not she was running a house of ill-repute, in which liquor was sold and drunk, contrary to law, and gambling was carried on, and to follow this further by showing by the witness herself that she is a married woman, that she does not live with her husband, and that she has not lived with him for many years, and to follow her back in her career for the purpose of identification and affecting her credibility and show what she has been doing for the last dozen years or thereabouts." The question and offer were rejected, and,

Commonwealth v. Slabach.

in a *per curiam* opinion, the Supreme Court said: "Such evidence was considered and decided to be inadmissible in Com. *v.* Payne, 205 Pa. 101, a much stronger case than the present, for there the offer was to follow the questions with proof of reputation for truth and veracity. That case is in harmony with our own prior decisions: Gilchrist *v.* McKee, 4 Watts, 380; Conroe *v.* Conroe, 47 Pa. 198; Moyer *v.* Moyer, 49 Pa. 210; Drown *v.* Allen, 91 Pa. 393; Com. *v.* Bubnis, 197 Pa. 542; and the better opinion elsewhere seems to be in the same line, though the authorities are not uniform." In Launikitas *v.* The Wilkes-Barre, etc., Traction Co., 241 Pa. 458, Mr. Justice Potter, after referring to Com. *v.* Payne, 205 Pa. 101, said: "If the truthfulness of the witness was to be attacked, it should have been by showing a bad reputation for truth and veracity in general."

I am convinced that the Commonwealth should not have been permitted to cross-examine Henry Slabach concerning his alleged prior misconduct. Such evidence was collateral and irrelevant to the issue, and, even if allowed, the answer was conclusive. The Commonwealth had no right to call Redcay and contradict his denial of the offence suggested. The defendant was, perhaps, prejudiced by this testimony, and, in any event, he was deprived of such an impartial trial in this regard as the law gives him a right to demand. The rule to show cause why a new trial should not be granted is, therefore, made absolute. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.