*188 OPINION of the Court, by
Judge Owspey,
Thi* was an, action for slanderous words, brought by the ap-peliee against the appellant, in the court below. The declaration contains two counts. The first charges the appellant of having said that “lie saw the appellee take corn from Aaron Rainy’s crib twice, and look round to see ^ any Person saw him measuring,” &e. The second count charges the appellant of having said that “ he saw the appellee steal Aaron Rainy’s corn,” &c. To the first count the appellant filed a demurrer, and to the se-tond count pleaded the general issue, and a special plea of justification.
Upon overruling a demurrer the court are not bound to offer leave to the demur-t to with-his de- and but ifhe leave to ought for it*
Tlie appellee filed a joinder to the demurrer j replied to the special plea, and joined issue to the general issue. The law arising on the demurrer was adjudged in favor of the appellee, and a writ of inquiry awarded to assess the damages on the first count; and issues having been made up on both the pleas to the second count, a jury was called, as well to inquire of damages on the first count as to try the issues to the second. The jury returned a verdict for the appellant upon the issues, and assessed damages in favor of the appellee upon the writ of inquiry, and judgment was entered in 'favor of the appellee for the damages assessed on the first count.
From this judgment the appellant has appealed to this court. The first question made by the assignment of errors, is, are the words laid in the first count actionable ?
Whether they are actionable or not, turns exclusively upon the construction which may he given to them. If they imply a felony in taking of the corn, than tend to subject the appellee to criminal punsKim are most clearly actionable j but if they' but a bare trespass, the appellee cannot been put in danger of legal punishment, can be maintained for the speaking of the; to the old rule of construing words in mf latter meaning would prevail: for the w< be true, and nothing but a trespass havi ted. But that rule of construction, as justly observra in the case of Logan vs. Steele, 1 Bibb’s Rep. 594, “ has long since been exploded, and has given way to one which accords more with reason and the common sense of mankind ; that of construing words in that sense in which they would be understood by those who hear or read them.” If the words laid in the first count are tested by this rule, and taken in their usual acceptation, they obviously import a charge of felony. That the words mean something more than a naked trespass, is evident: for if that had been the only meaning intended to be conveyed, the simple charge of taking the corn would have effected the object; but when the charge of takihg is connected with expressions of the manner the appellee acted in the taking, it shews clearly the speaker of the words intended to communicate the idea, (and that the hearers must so have understood them,) that the corn was taken with a felonious intent.
*190 It is assigned for error, that the court below erred in entering judgment in favor of the appellee on the first count, after the jury had fouhd a verdict for the defendant on the second count.
We can perceive no irregularity in this respect. The appellee had a right to lay as many counts in his declaration as he thought fit, and a failure on one count cannot prevent his recovery on the other.
It is also assigned for error, thatthecourterred in awarding a writ of inquiry to assess damages on the first count, upon overruling the appellant’s demurrer, without first giving him leave to withdraw his demurrer and plead.
Upon a decision of the court on the demurrer being known to the appellant, he might have applied to the court for permission to withdraw his demurrer and plead ; and upon making out a proper case, the court, in the due exercise of their discretion, should have given him leave to do so ; but it. certainly was not nect..s;⅛ y for the court ex officio to offer the appellant ¡ withdraw his demurrer ; and as the appei’an-. *1 ••si appear to have even asked lor permission U. ■: is demurrer or plead, the court proper^ «.-.varduu ⅛ a.'ic .of inquiry to assess the damages.
The judgment must he affirmed with costs asm uam> ages.