*286OpiSiON OP THE CoUBT, BY
JUDGE OWSLEY.
THIS was an action of replevin, brought in the circuit court by Tennell against Roberts and Hain, for the taking of a horse beast. _ .
_ Hain made cognizance, by acknowledging the taking of the horse, but insisting that the taking was lawful,, a.° *287be acted under a warrant of distress which-issued from a justice of the peace for rent which was in arrear and owing by Tennell to his co-defendant, Roberts, &c.
After issue has been joined on special th0 party has no right to plead, the ftT'subse-110 quent term; the court may their discretion, but ho cannot 14 as a
A constable ¿¿¡tress1*” a rant 'from"a" justice of the ¿s warrant^ 6 whether any rent N12 due 01 no ‘
To.the cognizance made by Hain, Tennell plead.ed, 1st, that he did not enjoy or hold as tenant, the tenement and appurtenances in the cognizance of Hain mentioned, under any demise from the defendant Sob-erls, as- in the cognizance set forth, &c.; and 2d, that no1
part of the supposed rent in the said cognizance mentioned, was in arrear from him the said Tennell, &c. to the said Roberts, in manner and form as in the cognizance is alleged, &c.‘
To the filing of these pleas the defendants objected, hut their objections were oterruled, and issues were taken to the country on each-plea.- At the time of making up (he issues, an agreement was entered’ of record
by the parties, allowing Roberts to give in evidence any thing which he could avow in his own right, by the facts stajed in the cognizance of Hain; and allowing Tennell to repel by evidence any thing which could be replied to such an avowry.
Exceptions were taken to the opinion of .the Court, in overruling the objections of the defendants to the pleas of the plaintiff Tennell; and the first question proper for this court to notice, involves the correctness of the decision of the court overruling the objections to the pleas.
The objection was taken to those pleas exclusively, on the ground that the plaintiff could not, consistently with the principles of law, file but one plea to the matter contained in the cognizance made by Hain. The objection no doubt ought to have been availing, were it not for a provision contained in the act of the Legislature of this country; but the act to which we allude, expressly authorises the plaintiff in replevin, to plead as many several matters, either of law or fact, as he may think proper, and it is impossible to give any operation to that provision of the act, unless the court below was correct in overruling the objections of the defendants to the filing of both pleas.
At a subsequent term, after the issues were made up to each of those pleas, the defendants, Hain arid Roberts, each offered to plead the general issue, together with other picas; but the court refused to allow.any additional pleas'-t© bp filed; and the next,question present*288ed for the consideration of (his court, invokes the correctness that refusal.
It was unquestionably not a matter of strict legal aright,- for the defendant to file anj additional pleas, at a term subsequent .to that at- which the issues were jó'ihed, and the agreement entered of record for other matter to be given in evidence. After the issues were made up, the filing of other pleas, was a matter in the sound discretion of the court, and there is nothing contained in the bill of exceptions taken to the court’s refusal to permit other pleas to be filed, conducing in the slightest measure to shew the discretion .of the court has been abused. In refusing to give the defendants permission to file the additional pleas, therefore, this court cannot say the court below erred.
At a subsequent term, however, the defendant Hain, was permitted to plead the general issue, and by agreement,. was allowed to give in evidence any matter which could be specially pleaded; and the trial was had in the court below on that issue, ns-well as the issues previously made up by the parties.
In the progress of the trial, ,a motion was made by the counsel of the defendants, for various instructions to the jury, all of which were refused by the court.
It appears that a distress warrant, which was issued by a justice of the peace, on the application of the defendant, Roberts, and directed to the defendant, Hain, commanding him, as constable, to distrain the property of Tennell, and in virtue of which the horse boast of Tennell was taken by Hain, was given in evidence, and the court was asked to instruct the jury that the warrant was a justification for Hain, though they might, be of opinion that no rent was due from Tennell when Roberts obtained the warrant from the justice.
The instruction, we think, ought to have been given to the jury. The act of the legislature of this country, (2 Dig. L. K. 1059,) after making it the duty of justices ofthe peace to issue a warrant, on the application of a landlord, directing the sheriff or constable to distrain the property of the tenant, expressly provides, that by virtue of such warrant the sheriff or (onstable shall be authorised, and is required to distrain on the goods, chattels and slaves of the tenant, &.c. Now, as the act has not only d-ck.rod ¡bu warrant u> he the officer’s auto stay oí the person against whom *289A ® 1 = a Ü P -a *-J 0-1 p g. S' CD (at rO - ^ t § £ ~ o3 O £ P rtí s £ ^ * °, te p P d L *-< u r¡ .h Cyg-
+* ¿2 r ? j' i) & a p P o —* Oh 0 <3 ^ U rP o 1-2 § ■ p £T CD . . B cc Q - CD r+- ^ i-». sr i — i D CÍ ^ o o o 3 *0 CD _ ; g-g 2 CD E* o P Oh CD* (SCI O W) g_ "a cr <d ® 3 p p cd ►a
• 3. ° g S,-“ O jy* 05 £0*P CTO'S ^ P-’<¡ ^ o H CD 3 _ . „ g ce "3 J» w £ p ~s c 2 o _ «- ~ ^ era id p n> s 2 2 ? 2,"i _ 2 ° 3"^ cd cr cr 5i ^ S o ^ ^ ® ® s-Sjs^Tg D CD v> 2 ® it g' ^ ™ r O B-g-P q yq p >-S Í-. D O c« . ¿í 'w- O , CT5 _ 2 ff p o í; b . H cd ^ -í 3^ p ^ o a o ^ «> rt- ^ ® % S-p-Mi? S S - 55 O -= g O' < m 3.2pco5gpt< O o p c CD o
£ ¿3 o p S' 2, a o’ n cd o ^ £ cr 3- CD CD CD Dh P CPD o 2 CD CD CD '3 3 D £ * CD o. ^ ?r S p Oh ^2-S ^ P o o CD CD Oh S’ CTQ