CHIEF JUSTICE WILLIAMS
delivered the opdsion oe the court.
This was an action of slander by appellee against appellant for accusing her with the crime of perjury in testifying in a certain action before a justice of the peace; to which appellant set up the defenses of not guilty and of justification.
On appellee’s motion, and over appellant’s objection, the court put him on his election as to which defense he would abide, when he elected to stand on not guilty.
At a subsequent term the plaintiff filed an amended petition, correcting a misdescription of the parties litigant, in the justice’s court wherein she testified, and to this defendant responded a plea of not guilty within one year before the filing of said amendment, also a justification; when plaintiff again moved and obtained a rule, notwithstanding defendant’s objections, to put him on his election as to which one of his several defenses he would select, and he elected to stand on the plea of justification. To all of these rulings proper exceptions were taken.
On the trial the plaintiff was permitted to give in evidence her good character over the defendant’s objections, and the jury having returned a verdict for five hundred dollars, which the court adjudged, and refused a new trial, the defendant has appealed.
By the principles of the ancient common law, says Chitty on Pleadings, but one plea could be set up as a *598 defense, Which was altered by the statute of 4th and 5th Anne.
In 12th Amei'ican from 6th English edition of 1 Chitty on Pleadings, page 562, it is said: “ "With the above exceptions, the defendant may in general, in different pleas, state as many substantial different grounds of defense as may be thought necessary, though they may appear to be contradictory or inconsistent;” and this case is not within his enumerated exceptions.
By our statute of 1796 (1 Morehead & Brown, Statute Laws, sec. 24, p. 325) it was enacted that “the plaintiff in replevin, and defendant in all other actions, may plead as many several matters, whether of law or fact, as he shall think necessary for his defense.”
In Roberts v. Tennell, 4 Litt. 287, in an action of replevin by Tennell v. Roberts and Hain, the latter made cognizance by acknowledging the taking of the horse, but justified under a distress warrant for rent in arrear, and owing by Tennell to Roberts; to which the former pleaded: first, that he did not enjoy or hold as tenant the tenement and appurtenances, in cognizance of Hain mentioned, under any demise from the defendant Roberts; second, that no part of the supposed rent in the said cognizance mentioned was in arrear from him to said Tennell.
This court held that the objection to said pleas would have been availing by the ancient common law but for a provision of said statute authorizing as many pleas, either of law or fact, as the party may deem proper.
In Jones v. McDowel, 4 Bibb, 188, in an action for slander, McDowell laid two counts in his declaration. To the first the defendant demurred, and pleaded the general issue; and special justification, in two pleas, to the second.
*599 On joinder to the demurrer and replication to the special plea of justification, the demurrer was overruled, and a writ of inquiry to the jury, and jury sworn to assess damages thereon, and to try the issues on the pleas.
On appeal this court held that several counts for the same slander were not irregular, nor did it suggest any error as to the pleas: indeed, the right to such pleas seems not to have been questioned either hy the counsel or court.
There can be no question as to the right to so plead before the adoption of our Civil Code; and instead of altering this rule by subsection 4 to section 125, it enacts that “the defendant may set forth in his answer as many grounds of defense, counter-claim, and set-off, whether legal or equitable, as he shall have.” And in Crawford v. Adams, Ms. opinion, June, 1857, this court held that a defendant “may rely upon as many matters of defense as he chooses, whether inconsistent or not.” (Note c, Myers’s Code, page 367).
The language of the Code extends the statutes of 1796 and 1811, which allowed as many defenses of law and facts as the defendant should choose to' present, to equitable defenses also; so that now a defendant may present as many legal or equitable defenses as he. may choose, without regard to their consistency or harmony with each other.
It was therefore erroneous in the court to put the defendant on his election which of his defenses he would abide; and, being entitled to all, he was thus deprived of a legal right.
In Smith v. Lovelace, 1 Duvall, 245, this court held, in an action for slander on an accusation of perjury and plea of justification, that “as the testimony was somewhat conflicting as to what the appellant swore, and as to his constructive intent, proof of high character might have *600 tended to rebut a criminal construction of tbe facts, or of bis intent; and, moreover, as tbe issue involved Ms character, and the measure of damages depended essentially on its grade, he had a right to the testimony offered and rejected as to his character;” referring to 2 Greenleaf on Evidence, section 426, and the adjudged cases referred to. There was no error in admitting the evidence of plaintiff’s good character on the issue, or even had no election been forced on the defendant.
But for the error designated the judgment is reversed, with directions to permit the defendant to plead as many legal or equitable defenses as he may choose. The amended petition, being a mere con’ection of a mistake as to the style of the suit wherein the plaintiff testified the special plea of limitations, was bad; and though a demurrer would have reached it, had there been no other error, we should not have reversed because defendant abandoned it on the rule.
Judgment reversed.