### R. D. Geoghegan's Ex'r v. John G. Hillson.

**Guardian and Ward—Suit on Guardian's Bond—Averments of Necessary Facts.**

> Where in a suit against a guardian and his bondsmen by the ward no averment is pleaded showing that the plaintiff is of the age of twenty-one years or older, such omission is waived by an answer which avers such fact.

**Limitations.**

> Where a suit is filed before barred by the statute of limitations and the petition is amended after a time when the original action would have been barred, the plea of the statute of limitations cannot be maintained where such amendment does not declare upon a new cause of action.

#### APPEAL FROM HARDIN CIRCUIT COURT.

October. 28, 1876.

Opinion by Judge Elliott:

This action was brought by appellee in the Hardin circuit court against his guardian, A. E. Geoghegan, and his surety, R. D. Geoghegan. It appears from this record that the appellee's father departed this life in one of the southern states, that A. E. Geoghegan was appointed guardian for his two infant children, and that he procured

an order of said court by which he was permitted to remove the estate of his minor to this state, and that in 1848 he presented the record of said proceedings in the state where appellee's father was domiciled at the time of his death, to the county court of the county of Hardin, and was by an order of said court duly appointed guardian of said infant appellee and his brother; and as required he executed his guardian bond with appellant's testator, R. D. Geoghegan, and M. Geoghegan as his sureties.

Said Geoghegan then filed in said court the record of his settlement in the state of decedent's domicile as his inventory of said estate and entered upon the discharge of his duties as guardian aforesaid; and in October, 1869, he presented his accounts, vouchers, etc., and made what seems to have been intended as a complete settlement of his guardianship, so far as appellee was concerned, and said settlement was reported to the Hardin county court. At its February term, 1870, said reported settlement was reinstated on exceptions, and after a correction of the errors it contained, said report as corrected was confirmed and ordered to be recorded as a final settlement of A. E. Geoghegan's guardianship so far as the appellee was concerned. Said guardian was present and assisted to make this settlement, and the record shows that it was made on the evidence of indebtedness presented by himself. In 1870 this action was brought by appellee against said guardian and his surety, R. D. Geoghegan, on their said guardian's bond, in which he charged that said guardian was indebted to him in the sum of twelve thousand nine hundred fifty-four dollars and seventy-six cents; and he asked judgment against his said former guardian and said surety, R. D. Geoghegan, for said sum, with interest from the 30th of October, 1869, the date of the settlement of said guardian's accounts as such.

This petition failed to state that the appellee had arrived at the age of twenty-one years, but the death of R. D. Geoghegan having been suggested and a revivor had against the appellant, he filed an answer in which he stated that the appellee had arrived at the age of twenty-one years. Afterwards the appellee amended his petition and set out the bond sued on and its breach with some more particularity, and it is insisted that this amendment set up a new cause of action. The motion of appellants to file a plea of the statute of limitations having been refused by the lower court, he complains that the court erred by such refusal and that the claim was barred by limitations. We think not, for two reasons: First, although the original petition was defective in not stating that appellee had ceased to be

an infant, the answer of the appellant cured the defect by stating that he had arrived at majority; and, secondly, the amended petition only sought to cure a defect in the statement of the original cause of action, but did not attempt to introduce or state any new cause of action; and it is the settled law of this state that where the amended petition is filed to amplify or cure some defect in the statement of the original cause of action, and does not introduce a new cause of action, the statute of limitation does not run against the cause of action up to the filing of the amended petition, but only runs up to the issuing of the summons in the action in which said amendment is filed. *Horton v. Banner,* 6 Bush 596.

It is also objected that the record of the settlement of A. E. Geoghegan, made in the state of Mississippi, of his guardianship of appellant, was inadmissible as evidence in this action. This may have been true if said guardian had not filed it as the inventory by which he evidenced his indebtedness to his ward, but having done so, said paper was legitimate evidence in said cause. But it is said that the settlement of October, 1869, made by the guardian of appellant with the judge of the Hardin county court, is void because records of said court fail to show that it was returned to the Hardin county court and filed to the first term after it was made.

We are of opinion that these irregularities, if they exist, were waived by the guardian by his appearance at the February term, 1870, of the Hardin county court, and filing exception to same, and also his presence and active participation in the trial of said exceptions, at the termination of which trial on said exceptions said report of settlement as corrected was ordered to be recorded as a full settlement of the accounts of said guardian so far as the estate of appellee was concerned. We are of opinion that this settlement is prima facie evidence of the indebtedness of the said guardian to appellee; and, as appellant failed to deny that said recorded settlement was made, and made no attempt to surcharge it or falsify any of the items thereof, we do not perceive how he can avoid the force of it in this suit.

But it is said that after this suit was instituted the appellee and his former guardian made a contract by which said guardian was to and did pay him fifteen hundred dollars, and that said appellee was to and did suspend his said action and wait twelve months before making any effort to enforce said guardian's liability, and that this was done without appellant's testator's knowledge and consent. On the other hand said appellee contended that he only agreed if said guardian would pay him fifteen hundred dollars he would give him

credit on said debt, which he did, and that any agreement to wait was without consideration and void, and in addition thereto that appellee's testator assisted to get the money with which to make said partial payment, and begged for and assented to all the time given by appellee on said debt.

If the $1,500.00 was furnished to be placed as a credit to the guardian and went to extinguish that much of his indebtedness, then the giving of time on the balance was a matter of favor and was without consideration, and could have been disregarded by appellee at any time; and had the agreement been supported by a valuable consideration, if assented to by the appellant's testator, it was no contract of which he could take advantage.

We are of opinion that the court ruled the law correctly on all the questions made, and we perceive no error in either giving or refusing instructions; and we have some doubt as to whether the appellee was not entitled to judgment on the pleadings, save the plea of novation, which was not sustained by the verdict under correct rulings of the law by the court.

Wherefore the judgment is *affirmed*.

*Brown & Chelf, for appellant.*
*James Montgomery, M. H. Marriott, for appellee.*