## D. J. COLE v. W. D. WOODSON.

SLANDER.—*Two Consistent Defenses.* In an action for slander the defendant may set up the defenses: First, that he did not use the language imputed to him; and second, that such language is true. The two defenses are not inconsistent with each other, and both may be true.

### *Error from Reno District Court.*

ACTION brought by *Woodson* against *Cole*, to recover damages for slander. The plaintiff's petition (omitting court and title) is as follows, to wit:

"1. The said W. D. Woodson, plaintiff, complains of the said D. J. Cole, defendant, for that the plaintiff, before and at the time of the committing by the defendant of the grievances hereinafter mentioned, sustained a good name and character amongst his neighbors and acquaintances for moral worth and integrity, and was never suspected of the crime of bribery or attempting or offering to bribe any officer or other person; yet the defendant, well knowing the premises, and maliciously intending to injure the good name and character of the plaintiff, and to cause it to be believed that the plaintiff had been guilty of the crime of offering and attempting to bribe, did, on or about the 12th day of December, 1881, in a certain discourse which he then had with plaintiff about a certain proceeding then and for a long period theretofore pending before the board of county commissioners of Reno county, Kansas, under road petition No. 128, to vacate and relocate a county road, under which petition and proceeding T. C. Gillick and W. H. McMurry had been appointed and duly qualified as viewers, and of and concerning the plaintiff and in the presence and hearing of divers good people, falsely and maliciously spoke and published of and concerning the plaintiff the false, scandalous and defamatory words following, that is to say, 'You' (meaning the plaintiff) 'tried to bribe the viewers,' thereby saying, meaning and intending to mean that the plaintiff had unlawfully, willfully and feloniously offered and attempted to bribe the said viewers while so acting as such viewers in said proceedings so as aforesaid pending before said board of county commissioners, whereby and by reason of the aforesaid false, malicious and defamatory words so as aforesaid spoken, this plaintiff has been damaged in his good name, fame and character in the sum of two thousand five hundred dollars.

"2. And for a further and second cause of action this plaintiff complains of the defendant, for that on or about the 5th day of February, 1882, the defendant, still further intending to injure the good name, fame and character of the plaintiff, and to cause it to be believed that the plaintiff had been guilty of the crime of offering or attempting to bribe, did, in a certain discourse which he then had with this plaintiff about and concerning the said proceedings and road petition No. 128, so as aforesaid pending before the board of county commissioners of Reno county, Kansas, as alleged in plaintiff's first cause of action, and of the said viewers appointed and qualified in said proceedings, so as aforesaid alleged in said first cause of action,

18—32 KAS.

and of and concerning the plaintiff and in the presence and hearing of divers good people, falsely and maliciously speak and publish of and concerning the said plaintiff the false, scandalous and defamatory words following, that is to say, 'Yes, sir! I do say you' (meaning the plaintiff) 'tried to bribe the viewers,' thereby saying, meaning and meaning to say that the plaintiff had willfully, unlawfully and feloniously offered and attempted to bribe the said viewers while so acting as such viewers, whereby and by reason of said false, malicious, scandalous and defamatory words so as aforesaid spoken, the plaintiff has been damaged in his good name, fame and character in the sum of two thousand five hundred dollars.

"Wherefore, plaintiff prays a judgment against the defendant for the sum of five thousand dollars, his damages so as aforesaid sustained, and costs of suit."

The further pleadings and the material facts are stated in the opinion. Trial at the July special Term, 1883, and judgment for plaintiff for $1 and the costs of suit. The defendant brings the case to this court.

*H. Whiteside*, and *R. A. Campbell*, for plaintiff in error.

*Scheble & Vandeveer*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action for slander, brought by W. D. Woodson against D. J. Cole. The petition contained two counts. The defendant answered, setting up three several defenses: *First*, A general denial; *second*, a denial that he used the words charged in the petition, but alleging that if he did use the same, "he was justified in so doing, for the reason that the said words were true in substance and in fact," and that the plaintiff was guilty of the matters and things which such words imputed to him; *third*, a denial that he used the language charged against him in the petition, but alleging that if he did use the same, he was induced and provoked to do so by the wrongful and malicious acts and conduct of the plaintiff. The plaintiff demurred to the second and third defenses of the answer, which demurrer was overruled by the court, and the plaintiff then replied to such

defenses by filing a general denial. A trial was then had upon these pleadings, before the court and a jury, which resulted in a verdict and judgment in favor of the plaintiff and against the defendant for $1 and costs of suit. To reverse this judgment, the defendant, as plaintiff in error, now brings the case to this court.

On the trial in the court below, the defendant offered to introduce in evidence testimony to prove the allegations of his second and third defenses, and to show that the supposed slanderous language alleged to have been used by him was in fact true; whereupon the plaintiff objected to the introduction of any such evidence, or of any evidence in justification of the alleged defamatory language, for the reason that neither of such defenses, nor any defense, admitted the speaking of the alleged slanderous language. The court below sustained the objection, and the defendant duly excepted. This is the first ruling of the court below assigned for error, and it presents the principal question involved in the case; and with our view of the case, the decision of this question will render it unnecessary to consider any of the other questions presented by counsel, or involved in the case.

We think the court below erred. Sections 125 and 126 of the civil code read as follows:

"Sec. 125. In an action for libel or slander, it shall be sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff; and if the allegation be denied, the plaintiff must prove, on the trial, the facts showing that the defamatory matter was published or spoken of him.

"Sec. 126. In the actions mentioned in the last section, the defendant may allege the truth of the matter charged as defamatory, and may prove the same, and any mitigating circumstances to reduce the amount of damages, or he may prove either."

Section 94 of the civil code provides, among other things, as follows:

"The defendant may set forth in his answer as many grounds of defense, counter-claim, set-off and for relief as he may have,

whether they be such as have been heretofore denominated legal, or equitable, or both."

It is understood that the decision of the court below was based entirely upon the theory that in actions for slander the defendant cannot set forth in his answer both a denial that he used the language charged against him, and also, in justification, that such language is true. Now we think that this theory is erroneous. The two defenses are not inconsistent. It may certainly be true that the defendant never used the language charged against him, and it may also be true that the language itself with all that it implies is true. One of such defenses does not in the least contradict the other. Both are defenses under the statutes; and thereunder the defendant may set forth in his answer as many defenses as he may have. And why should he not be entitled to do so? It would certainly be a great hardship to a defendant who has been sued for slander to be required to admit that he had used the alleged slanderous words, when in fact he may never have used them, in order that he may be allowed to show that such words are in fact true. And it would equally be a great hardship to him to be required in effect to admit that the words are false and slanderous, when in fact they may be true, in order to be allowed to make the defense that he never used such words. Our statutes do not tolerate any such unjust rules, but allow a defendant to set forth as many defenses as he may have, which in slander cases may be that he did not use the words charged, and also that the words are true. And it makes no difference what the common law may have been, or what may have been decided by courts in other states, where their statutes are different from the statutes of Kansas. The statutes of Kansas must govern in actions originating and instituted within the borders of Kansas. And where they are clear and explicit, we need not look any further.

Counsel for both parties have cited the cases of *Wiley v. Keokuk*, 6 Kas. 94; *Butler v. Kaulback*, 8 id. 668, and *Wright v. Bacheller*, 16 id. 259.

Now the principles running through these cases to which

we suppose counsel wish to call our attention, are, that a defendant cannot set up in his answer inconsistent defenses, and that whatever he may set up, allege or admit in any one portion of his answer which is unfavorable to him, will limit, modify or overturn anything inconsistent therewith and favorable to the defendant and set forth in some other portion of his answer. We still adhere to these principles; but they have but little application to this case. We would cite Townshend on Slander and Libel, §§ 353, 361, as having some application to this case.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.