Rooney v. Tierney.

CASE 42—PLEADING, SLANDER—OCTOBER 9, 1884.

82   253
100  141

# Rooney v. Tierney.

82   253
e123  72

APPEAL FROM HANCOCK CIRCUIT COURT.

82   253
d128  262

1. The defendant in an action of slander may plead as many defenses, as he may have, but they must be consistent.
2. He can not deny the speaking of the alleged slanderous words in one. paragraph, and in another admit the use of the words and justify them.

STUART & ATCHISON AND M. A. MASON FOR APPELLANT.

1. The reasoning of this court in the case of Horton v. Bonner, 6 Bush, 596, taken in connection with subsection 4, section 113, Civil Code of Practice, settles this question.
2. The pleas of not guilty, and justification, are totally inconsistent. One, or the other should have been stricken out. (Civil Code, subsection 2, and 4 to section 113; Myers' Code, subsection 4, section 125.)

WILLIAMS & POWERS AND JNO. ALLEN MURRAY FOR APPEL-. LEE.

1. The first demurrer of appellant to the answer of appellee was that paragraph one and two, are repugnant. A demurrer is not the proper mode of reaching the objection. No proper exception was taken to.. the ruling of the court.
2. But the pleas are not inconsistent. Appellee first denies that he spoke. the words. He then says that "for the purpose of making the truth of the words alleged to have been spoken appear in evidence, he is willing to admit that they were spoken." (Subsection 2 and 4, section 113. Civil Code.)

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

This is an action of slander in which judgment was. rendered for appellee who was defendant in the court below.

The only question we will consider is whether the court below erred in allowing appellee to plead inconsistent defenses. The first paragraph of the answer denies the speaking of the words set forth in the petition, and in the second paragraph, by amendment, it is.

.alleged as follows : " The defendant amends the second paragraph in his answer, and says that for the purpose ·of this action and the perfection of his plea in said paragraph contained, he admits the speaking of the words in the petition alleged to have been spoken by him." The second paragraph thus amended pleads in justification the truth of the words admitted to have been spoken. These defenses, the one admitting and the other denying the speaking of the words charged in the petition, the question presented is whether incon-sistent defenses in actions for slander are permissible under the Code of 1877, and now in force.

In the Code of 1854, section 151,· it is provided that in actions for libel or slander "the defendant may, in his answer, allege both the truth of the matter charged .as defamatory, and any mitigating circumstances le-gally admissible in evidence, to reduce the amount of damages ; and whether he proves the justification or not, he may give in evidence the mitigating circum-stances." Section 124, of the Code of 1877, is in sub-stance the same as that quoted from the Code of 1854. Under the latter Code and construing section 151, this court held in Harper v. Harper, 10 Bush, that such inconsistent defenses as set up in this case could be pleaded and relied upon. But by the express letter of the Code of 1877, a different construction is placed upon those sections.

Subsection 4, of section 113, of the present Code, provides that, "if a party file a pleading which con-tains inconsistent statements, or statements inconsistent with those of a pleading previously filed by him in the action, he shall, upon or without motion, be required to

Rooney v. Tierney.

elect which of them shall be stricken from his pleading. But a party may allege, alternatively, the existence of one or another fact, if he state that one of them is true, and that he does not know which of them is true."

The Code of 1854 contains no provision in regard to inconsistent statements in a pleading or inconsistent defenses.

The present Code provides that a party may plead as many defenses as he may have, provided, as in the provision quoted, they are not inconsistent.

The weight of authority, under the Code of Practice, is to the effect that inconsistent pleas may be made and relied upon when not forbidden by statute (Pomeroy on Remedies and Remedial Rights, section 722); but here the language of the Code expressly forbids such defenses where the statements necessary to their presentation are inconsistent the one with the other.

We are of the opinion that the statements contained in the first and second paragraphs of the answer, being inconsistent, come within the provisions of subsection 4, of section 113, of the Code.

This construction leaves section 124, which permits the defendant to admit the truth of the matter alleged in the petition and to plead mitigating circumstances in mitigation of damages, in full force.

Judgment reversed and cause remanded with direction for further proceedings consistent with this opinion.