# Ferber, Appellant, v. Gazette and Bulletin Publishing Association.

*Libel—Pleading—Evidence—Justification—Charge of crime—Public officer.*
In an action of libel against the publisher of a newspaper by a public officer, where justification has been pleaded, the defendant may show that the statements were true or that he had reasonable ground supported by facts and circumstances to believe them to be true, and that the publication was made in good faith and without malice.

Although the pleas of "not guilty" and "justification" are apparently repugnant, they may under modern practice be pleaded together.


Argued March 13, 1905. Appeal, No. 308, Jan. T., 1904, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1901, No. 353, on verdict for defendant in case of H. V. Ferber v. Gazette and Bulletin Publishing Association. Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass for libel. Before HART, P. J.

At the trial it appeared that plaintiff was a writ server connected with an alderman's office. In the publication complained of he was charged with being a party with others in a scheme to blackmail. The defense was that the article in question was based on information received from the chief of police, and was published in good faith and without malice.

Defendant presented, inter alia, the following point:

6. It is entirely within the bounds of legitimate journalism for newspapers to publish as current news all such matters as involve open violation of law or public misconduct of such character as justifies police interference, even though the doing so may reflect upon the actors and thus tend to bring them into public disgrace or contempt, and if the jury finds that the publications complained of in this suit were published as current news of such matters as involve open violation of law or public misconduct of such character as justifies police interference, the verdict must be for the defendant, even though such publications may reflect upon the plaintiff. *Answer :* Affirmed if the jury believe the publications were true or that the defendant had probable cause to believe them to be true.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned*, inter alia, was answer to above point, quoting it.

J. M. *Reilly*, with him *Edward S. McGraw*, for appellant, cited: Barr v. Moore, 87 Pa. 385; Conroy v. Pittsburg Times, 139 Pa. 334; Bryant v. Pittsburg Times, 192 Pa. 585; Oles v. Pittsburg Times, 2 Pa. Superior Ct. 130; Ingram v. Reed, 5 Pa. Superior Ct. 550; Collins v. News Co., 6 Pa. Superior Ct. 330; Wallace v. Jameson, 179 Pa. 98; Neeb v. Hope, 111 Pa. 145; Blagg v. Sturt, 10 Ad. & E. (N. S.) 899; Hayes v. Press Co., 127 Pa. 642; Farley v. Ranck, 3 W. & S. 554; Steinman v. McWilliams, 6 Pa. 170; Burford v. Wible, 32 Pa. 95; Gorman v. Sutton, 32 Pa. 247; Smith v. Times Pub. Co., 178 Pa. 481; Rush v. Cavenaugh, 2 Pa. 187; O'Toole v. Post Printing, etc., Co., 179 Pa. 271; Smith v. Stewart, 5 Pa. 372.

*Addison Candor*, with him *C. LaRue Munson*, for appellee, cited: Briggs v. Garrett, 111 Pa. 404; Press Co. v. Stewart, 119 Pa. 584; Urben v. Pittsburg Times, 1 Monaghan, 135; Chapman v. Calder, 14 Pa. 365; Jackson v. Pittsburg Times, 152 Pa. 406; Coates v. Wallace, 4 Pa. Superior Ct. 253; Com. v. Swallow, 8 Pa. Superior Ct. 539.

PER CURIAM, June 22, 1905:
We find no error in the record of this case that calls for a reversal. It was submitted with the instruction that the publication charging a public officer with the commission of crimes was libelous, and that the plaintiff was entitled to recover unless it appeared from the evidence that it was substantially true in every material respect or that the defendant had reasonable grounds for belief in its truth, supported by facts and circumstances. The stress of the appellant's argument is that, since justification had been pleaded, the defendant was not entitled to show that it made the publication in good faith, on reasonable cause and without malice. The pleas were "not guilty" and "justification." These pleas although apparently repugnant, may under modern practice be pleaded together: Peters v. Ulmer, 74 Pa. 402; Drown v. Allen, 91 Pa. 393.
The judgment is affirmed.