Whittaker v. McQueen.

---

CASE 25.—ACTION BY T. J. McQUEEN AGAINST H. M. WHITTAKER FOR SLANDER.—February 25.

## Whittaker v. McQueen

Appeal from Laurel Circuit Court.

H. C. FAULKNER, Circuit Judge.

Judgment for plaintiff, defendant appeals — Reversed.

1. Pleading—Answer — Inconsistent Defenses — Election.—Under Civ. Code Prac. section 113, providing that an answer may contain as many traverses and as many matters of estoppel and of avoidance as there may be grounds in behalf of the pleader, and that, if a pleading contains inconsistent statements, the party shall be required to elect between them, defendant in an action for slander may in one paragraph of his answer deny speaking the words, and in another allege that the words are true, without being required to elect as between.

Whittaker v. McQueen.

2. Slander—Justification as Defense—Unproved Plea as Evidence of Malice.—The rule of the common law that an unproved plea of jurisdiction was evidence of malice is abrogated by the Code of Practice.

3. Same—Verification of Pleadings.—The pleading, in an action for slander, must be verified as in other cases.

4. Evidence—Competency.—A letter written to defendant by a third person is not admissible in evidence, as any facts known by such person must be shown by him as a witness.

5. Libel and Slander—Evidence—Burden of Proof.—In an action for slander, where the answer denies that defendant spoke the words charged, and alleges that they are true, plaintiff has the burden of proof.

6. Same—Admissibility—Acquittal on Criminal Charge.—In an action for slander, in charging plaintiff with theft, evidence of plaintiff's indictment for the theft, and his acquittal thereon, is inadmissible.

7. Same—Instructions.—In an action for slander, in charging defendant with theft, the jury should be instructed that, if the words spoken, or any material part of them, were true, no damages should be awarded for those shown to be true.

SAM C. HARDIN for appellant.

R. A. DYCHE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

T. J. McQueen brought this suit against H. M. Whittaker to recover damages for slander, the words charged being these: "Jeff McQueen has stolen my father's hogs, and I can prove it. He hauled them in on a sled; for I tracked the sled to his house, and searched all around his house, and found that the sled did not go any farther." Whittaker, in his answer, in one paragraph denied speaking the words. In another paragraph he pleaded, in effect, that the words were true. The court required him to elect whether he would stand upon the first or the second paragraph of his answer. He elected to stand upon

the first paragraph. The case was heard before a jury, which found for the plaintiff, and fixed the damages at $250. The court entered judgment on the verdict, and defendant appeals.

The only question necessary to be considered on the appeal is whether the court properly required the defendant to elect whether he would stand upon the first or second paragraph of his answer. By section 95 of the Civil Code of Practice an answer may contain, first, a traverse; second, a statement of facts which constitute an estoppel against or avoidance of a cause of action stated in the petition. By section 113 an answer may contain as many traverses and as many matters of estoppel and of avoidance as there may be grounds in behalf of the pleader. If, however, a party file a pleading which contains inconsistent statements, he shall be required to elect between them. In Horton v. Banner, 6 Bush, 596, it was held under the Code of Practice of 1854, section 125, that the defendant in a slander case may deny the speaking of the words charged in one paragraph of his answer, and in another paragraph plead that the words charged are true. The same rule was followed in Harper v. Harper, 10 Bush, 458, which was also decided under the Code of Practice of 1854, which did not contain the provision forbidding the defendant from pleading inconsistent defenses. In Rooney v. Tierney, 82 Ky. 253, which was decided after the adoption of the present Code, the defendant pleaded in one paragraph that he did not speak the words charged, and in another paragraph that he spoke them and they are true. It was held that the statements of the two paragraphs were inconsistent, and that the defendant should be required to elect upon which paragraph he would stand. That case

differs from this, however, in that here the defendant denies in one paragraph that he spoke the words and in the other paragraph he charges that the words were true. The allegations of the two paragraphs in that case were plainly inconsistent; but it does not follow that the allegations in the two paragraphs here are inconsistent, for it may be that the defendant did not speak the words, and it may be that the plaintiff did all the things referred to. In fact, the proof on the trial for the defendant was to the effect that he had not made the statement, and there was proof also tending very strongly to show that the allegations were true. The general rule is in states having a similar Code to ours that the defendant may deny speaking the words in one paragraph of his answer, and may, in another paragraph, plead that the charge is true. The Kansas Code is substantially the same as ours. In Cole v. Woodson, 32 Kan. 272, 4 Pac. 321, the court in discussing the question said: "The two defenses are not inconsistent. It may certainly be true that the defendant never used the language charged against him, and it may also be true that the language itself with all that it implies is true. One of such defenses does not in the least contradict the other. Both are defenses under the statutes; and thereunder the defendant may set forth in his answer as many defenses as he may have. And why should he not be entitled to do so? It would certainly be a great hardship to a defendant who has been sued for slander to be required to admit that he had used the slanderous words, when in fact he may never have used them, in order that he may be allowed to show that such words are in fact true. And it would equally be a great hardship to him to be required in effect to

admit that the words are false and slanderous, when
in fact they may be true, in order to be allowed to
make the defense that he never used such words.
Our statutes do not tolerate any such unjust rules,
but allow a defendant to set forth as many defenses
as he may have, which in slander cases may be that
he did not use the words charged, and also that the
words are true.'' The same ruling was made under
statutes substantially similar to ours in Indiana in
Weston v. Lumley, 33 Ind. 486; in Pennsylvania in
Ferber v. Gazette Pub. Association, 212 Pa. 367, 61
Atl. 939; in Alabama in Wright v. Lindsay, 20 Ala.
428; and in Massachusetts in Payson v. Macomber,
3 Allen (Mass.) 69, the same ruling was made on
the ground that it does not necessarily follow that
the defendant spoke the words because they were
true, and that an allegation of their truth on the
record is not an admission that the defendant uttered
them verbally. The Code of Missouri is similar to
ours. In Nelson v. Brodhack, 44 Mo. 596, 100 Am.
Dec. 328, it was said that in an action of slander for
charging one with being a thief, ''the defendant may
deny the words, and add the action on because the
plaintiff stole a horse. Proving the larceny does not
prove the speaking of the words.'' See, also, to the
same effect, Nelson v. Wallace, 48. Mo. App. 193.
Our Code is largely taken from the New York Code.
In Buhler v. Wentworth, 17 Barb. (N. Y.) 649, the
court, holding that the two pleas were proper, said:
''It may be that, although a person honestly believes
he never used the expression attributed to him, and
although he perhaps, in point of fact, never did use
them, yet the bystanders, from misapprehension or
other cause, may have understood him differently.
And should these bystanders, called as witnesses on

the trial, honestly, or otherwise, swear to a mistaken version of the transaction, must the injured party not only submit, as he must, to that injustice, but be deprived also, as a further consequence, of entering another and confessedly good defense, namely, a complete justification of the charge, if it in truth were ever made? So to interpret the Code, and the pleadings under it, would hardly be said to be calculated to promote 'substantial justice between the parties.'" At common law the rule required singleness of issue, and forbade the making of the two pleas; but the hardships of the rule led to the passage of the Statute of Anne, which allowed the two pleas to be made. See Murphy v. Carter, 1 Utah, 17. In Kentucky, before the adoption of the Code of Practice, by statute the defendant in all actions was allowed to plead as many several matters, either of law or of fact, as he deemed necessary for his defense. See Jones v. McDowell, 4 Bibb, 188, and Horton v. Banner, 6 Bush, 596. It was clearly contemplated by the Code to liberalize the practice so as to permit substantial justice. There is nothing in the Code showing an intention to change the rule on the subject obtaining in the State when the Code was adopted. The entire trend of modern authority is in favor of the rule above announced, under statutes like ours. 25 Cyc. 465-466, and note to Warner v. Clark, 21 L. R. A. 502.

The rule of the common law that an unproved plea of justification was evidence of malice is abrogated by the Code of Practice. Harper v. Harper, 10 Bush, 458. It was said in that case that in order to plead justification the defendant must admit the speaking of the words, but this statement was obiter. It was taken from a common-law authority, and rested upon

the rule of common law requiring singleness of issue, which does not obtain under the Code. An action for slander under the Code stands like any other action, and the same pleas may be made in it that may be made in any other action. In no other action under the Code is the defendant required to admit the allegations of the petition in order to plead matter in avoidance. In an action for trespass for taking a horse the defendant may deny the taking of the horse, and may also deny that it was the plaintiff's horse, or plead that the horse was his; for it may be that it was his horse, and yet he did not take it, and if it was his horse, and not the plaintiff's horse, the plaintiff could not recover damages for the taking. In an action to recover damages for a nuisance the defendant may deny creating the nuisance, and may also plead a release by the plaintiff; for it may be that, although he did not create the nuisance, he had bought his peace. The rules of the Code apply to all actions alike. The defendant may make as many defenses as he has, subject only to the qualification that his defenses must not be inconsistent one with the other.

The pleading in an action for slander must be verified as in other cases. To require the defendant to admit the speaking of the words in order to rely upon justification would be to require him to swear that in his answer which he could not truthfully state in order to rely upon justification at all. The defendant may know what he has said, but he cannot know what somebody else will testify that he heard him say, and when he answers truthfully, as he believes, that he did not speak the words, he may be at the mercy of the plaintiff when, as is often the case, but for the fact that there is much ground for the charge

Whittaker v. McQueen.

and a good deal of talk about the matter, there would no slander suit have been brought.

The court properly excluded from the jury the letter written by James Doon to the defendant, as this was not competent for any purpose. Any facts known to James Doon must be proven by him as a witness. The court also properly held the burden of proof to be on the plaintiff; but he should have admitted the proof offered by the defendant to show the words charged were true, and also that offered by the plaintiff to show they were untrue. On another trial the court will exclude from the jury all the evidence to the effect that McQueen was indicted by the grand jury for stealing the hogs in question, or that on the trial of the indictment he was acquitted. The fact that he was acquitted in that case is not evidence here. He was entitled to an acquittal then, if there was a reasonable doubt of his guilt. This case is to be tried on the preponderance of the evidence. That was a prosecution by the Commonwealth against him. This is an action by him against Whittaker.

The court, in addition to the instruction given on another trial, will instruct the jury that, if the words sued for, or any material part of them, were true, then, as to such of said words as were true, they should find no damages for the plaintiff.

Judgment reversed, and causes remanded for further proceedings consistent herewith.