# Champion v. Franklin.

May 9, 1950.

H. F. S. Bailey, Judge.

J. R. Wells for appellant.

R. B. Dycus for appellee.

JUDGE CAMMACK—Affirming.

The principal question on this appeal is, whether the appellee, Chester Franklin, defendant below, was permitted to plead inconsistent defenses. The petition charged that Mr. Franklin slandered Dr. Champion by accusing him of false swearing. In the first paragraph of his answer Mr. Franklin denied that he falsely and maliciously uttered the words "that Dr. L. Champion swore lies, one after another, in the trial of a prosecution in the Livingston Quarterly Court, wherein the said Champion was defendant." In the second paragraph he said further that, in the event it should be determined he uttered the objectionable words, "that said words were not spoken falsely and maliciously and that said words were true * * *."

Dr. Champion cites subsection 4 of Section 113 of the Civil Code of Practice in support of his contention that Mr. Franklin should have been required to elect upon which defense he would stand. That provision of the Code provides a party may be required to elect, in the event he files inconsistent pleadings. Reliance is placed by the appellant upon the case of Rooney v. Tierney, 82

Ky. 253, 6 Ky. Law Rep. 231. That case involved an action for slander wherein the first paragraph of the answer denied that the words set forth in the petition were spoken. In the second paragraph the defendant admitted speaking the objectionable words. These defenses were held to be inconsistent and not permissible under subsection 4 of Section 113 of the Civil Code of Practice. The appellee relies principally upon the case of Whittaker v. McQueen, 128 Ky. 260, 108 S. W. 236. That, also, was a slander case. In the first paragraph of his answer the defendant denied speaking the objectionable words. In another paragraph he pleaded, in effect, that the words were true. The defendant was required to elect upon which defense he would stand. Upon the appeal it was held that the defenses were not inconsistent. During the course of the opinion the Rooney case was commented upon and distinguished from the Whittaker case. The reasons for the distinction are clearly set forth in the Whittaker case, so it would serve no useful purpose to discuss them here. The reasoning is aptly summed up in the following quotation from Cole v. Woodson, 32 Kan. 272, 4 P. 321, which was cited in the Whittaker case:

"* * * It would certainly be a great hardship to a defendant who has been sued for slander to be required to admit that he had used the slanderous words, when in fact he may never have used them, in order that he may be allowed to show that such words are in fact true. And it would equally be a great hardship to him to be required in effect to admit that the words are false and slanderous, when in fact they may be true, in order to be allowed to make the defense that he never used such words. * * *" [128 Ky. 260, 108 S. W. 237.]

After Dr. Champion had completed his proof he tendered an amended petition wherein he sought to show he had been damaged "in his medical practice, standing and reputation, * * *." The court sustained an objection to the filing of the amended petition. We fail to see how this ruling was prejudicial to the appellant's substantial rights, since the issues were clearly presented in the original pleadings. Likewise, we think the instructions clearly presented the question to the jury. If anything, they were favorable to the appellant, because, under the first one, the jury was required to find for the

plaintiff, unless they believed that he swore lies. Since the jury found for the appellee, they necessarily believed that the appellant swore falsely in the Quarterly Court.

Judgment affirmed.